**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE CHIRON CORPORATION SECURITIES LITIGATION** _____/ | **No C-04-4293 VRW**<br>**ORDER** |

On November 30, 2007, the court entered an order denying preliminary approval of the proposed settlement in the above-captioned matter.

In its order, the court questioned the adequacy of the lead plaintiff and purported class representative, International Union of Operating Engineers Local No 825 Pension Fund ("Local No 825"). Doc #130 at 23-29. One source of concern was the court's perception that the selection of the lead plaintiff was made without open competition. In comments made at a December 20, 2007 case management conference, plaintiffs' counsel responded to this concern, stating – as the court understood it – that the statutory process of identifying the plaintiff with the largest financial interest was a competitive one and that the selection of Local No 825 as presumptive "most adequate plaintiff" was competitive. See 15 USC § 78u-4(a)(3).

As the court understands the framework of the Private Securities Litigation Reform Act, a competition to be designated presumptive "most adequate plaintiff" occurs only if a member of the purported class comes forward and seeks to rebut the presumption that attaches upon the determination of the plaintiff who "has the largest financial interest in the relief sought by the class." See 15 USC § 78u-4(a)(3)(B)(iii)(I). Because no purported class member sought to rebut the presumption that Local No 825 invoked, the court regards the process of designating Local No 825 as not a competitive one.

In their submission on January 29, 2008, the court invites counsel to comment on the court's understanding.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge