IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE CHIRON CORPORATION SECURITIES LITIGATION | No C 04-4293 VRW |
|---|---|
| | ORDER |

At the case management conference in the above-captioned case on February 14, 2008, the court offered to provide certain background information on Professor Michael Perino. Attached herein are Professor Perino's curriculum vitae, list of expert engagements and list of cases in which he has served as an expert.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge

PROFESSOR MICHAEL A. PERINO
St. John's University School of Law
8000 Utopia Parkway
Jamaica, NY 11439
(718) 990-1928
perinom@stjohns.edu

Homepage: http://new.stjohns.edu/academics/graduate/law/faculty/profiles/Perino
SSRN Author Page: http://ssrn.com/author=132597

## SCHOLARLY INTERESTS

Securities Regulation and Litigation, Corporations, Judicial Decision-Making

## EMPLOYMENT

**St. John's University School of Law: Professor of Law** (June 1998-Present)

Assistant Professor (June 1998-August 2001)

Promoted to Associate Professor December 2000 (Effective September 2001)

Granted tenure and promoted to Professor December 2002

Named Dean George W. Matheson Professor of Law August 2007

Subjects: Securities Regulation, Securities Litigation Seminar, Securities Regulation Seminar; Business Organizations; Mergers and Acquisitions; Comparative Corporate Governance

**Cornell Law School: Visiting Professor** (Fall 2005)

Subjects: Business Organizations, Securities Regulation

**Columbia University School of Law: Justin W. D'Atri Visiting Professor of Law, Business and Society** (Fall 2002); **Adjunct Professor** (Spring 2003)

Subjects: Corporations, Securities Regulation & Capital Markets

**Stanford Law School: Lecturer** (January 1997 to June 1998); **Co-Director, Roberts Program in Law, Business, and Corporate Governance** (November 1995 to June 1998).

Subjects: Advanced Topics in Securities Litigation, Securities Litigation

**Cadwalader, Wickersham & Taft: Associate** (September 1988 to August 1994; June 1995 to October 1995).

## PUBLICATIONS

### Books

SECURITIES LITIGATION AFTER THE REFORM ACT (CCH 2000) (Updated semi-annually).

### Articles

*Law, Ideology, and Strategy in Judicial Decision Making: Evidence from Securities Fraud Actions*, 3 J. EMPIRICAL LEG. STUD. 497 (2006) (peer-reviewed journal).

*SEC Enforcement of Attorney Up-the-Ladder Reporting Rules: An Analysis of Institutional Constraints, Norms and Biases*, 49 VILL. L. REV. 851 (2004).

*Stock Price Response to News of Securities Fraud Litigation: An Analysis of Sequential and Conditional Information*, 40 ABACUS 21 (2004) (with Paul A. Griffin & Joseph A. Grundfest) (peer-reviewed).

*American Corporate Reform Abroad: Sarbanes-Oxley and the Foreign Private Issuer*, 4 EUR. BUS. ORGS. L. REV. 213 (2003) (peer-reviewed).

*Did the Private Securities Litigation Reform Act Work?* 2003 U. ILL. L. REV. 913, *reprinted* 37 SECURITIES L. REV. 369 (2005).

*Enron's Legislative Aftermath: Some Reflections on the Deterrence Aspects of the Sarbanes-Oxley Act of 2002*, 76 ST. JOHN'S L. REV. 671 (2002).

*Statutes of Limitations Under the Newly Passed Sarbanes-Oxley Act*, N.Y.L.J., Aug. 2, 2002, at 4.

*The IPO Allocation Cases—Where Do We Go From Here?*, PLUS J., Nov. 2001, at 5.

*Securities Law for the Next Millennium: A Forward-Looking Statement*, 75 ST. JOHN'S L. REV. 1 (2001).

*Fraud and Federalism: Preempting Private State Securities Fraud Causes of Action*, 50 STAN. L. REV. 273 (1998).

*Class Action Chaos? The Theory of the Core and an Analysis of Opt Out Rights in Mass Tort Class Actions*, 46 EMORY L.J. 85 (1997).

*A Strong Inference of Fraud? An Early Interpretation of the 1995 Private Securities Litigation Reform Act*, 1 SEC. REFORM ACT LITIG. REP. 397 (1996).

*The Pentium Papers: A Case Study of Collective Institutional Investor Activism in Litigation*, 38 ARIZ. L. REV. 559 (1996) (with Joseph A. Grundfest).

*Drafting Mediation Privileges: Lessons From the Civil Justice Reform Act*, 26 SETON HALL L. REV. 1 (1995).

*Not Just A Private Club: Self-Regulatory Organizations as State Actors*, 1995 COLUM. BUS. L. REV. 453 (with Richard A. Stone).

Comment, *Justice Scalia: Standing, Environmental Law and the Supreme Court*, 15 B.C. ENVTL. AFF. L. REV. 135 (1987).

## WORKING PAPERS

*Institutional Activism through Litigation: An Empirical Assessment of Public Pension Fund Participation in Securities Class Actions*, http://papers.ssrn.com/abstract=938722.

*Markets and Monitors: The Impact of Competition and Experience on Attorneys' Fees in Securities Class Actions*, http://ssrn.com/abstract=870577.

*Securities Litigation Reform: The First Year's Experience (A Statistical and Legal Analysis of Class Action Securities Fraud Litigation Under the Private Securities Litigation Reform Act of 1995)*, Working Paper No. 140, John M. Olin Program in Law and Economics Working Paper Series, Stanford Law School (February 1997) (with Joseph A. Grundfest).

## OTHER WRITINGS

*Is Securities Arbitration Fair for Investors?* Written Testimony of Professor Michael A. Perino Before the Subcommittee on Capital Markets, Insurance, and Government Sponsored Enterprises of the Committee on Financial Services United States House of Representatives (March 17, 2005).

REPORT TO THE SECURITIES AND EXCHANGE COMMISSION REGARDING ARBITRATOR CONFLICT DISCLOSURE REQUIREMENTS IN NASD AND NYSE SECURITIES ARBITRATIONS (Nov. 4, 2002) (available at http://www.sec.gov/pdf/arbconflict.pdf).

SECURITIES CLASS ACTION LITIGATION IN Q1 1998: A REPORT TO NASDAQ FROM THE STANFORD LAW SCHOOL CLASS ACTION CLEARINGHOUSE (June 1998).

*What We Know and Don't Know About the Private Securities Litigation Reform Act of 1995*, Written Testimony of Michael A. Perino Before the Subcommittee on Securities of the Committee on Banking, Housing, and Urban Affairs, United States Senate (Oct. 29, 1997).

*What We Know and Don't Know About the Private Securities Litigation Reform Act of 1995*, Written Testimony of Michael A. Perino Before the Subcommittee on Finance and Hazardous Materials of the Committee on Commerce, United States House of Representatives (Oct. 21, 1997).

*A Census of Securities Class Action Litigation After the Private Securities Litigation Reform Act of 1995*, Written Testimony of Michael A. Perino Before the Subcommittee on Securities of the Committee on Banking, Housing, and Urban Affairs, United States Senate (July 24, 1997).

*Ten Things We Know and Ten Things We Don't Know About the Private Securities Litigation Reform Act of 1995*, Joint Written Testimony of Joseph A. Grundfest and Michael A. Perino Before the Subcommittee on Securities of the Committee on Banking, Housing, and Urban Affairs, United States Senate (July 24, 1997).

## EDUCATION

**Columbia University School of Law**: LL.M., 1995
- Valedictorian

**Boston College Law School**: J.D., 1988, *Cum Laude*
- Executive Editor, *Boston College Environmental Affairs Law Review*

**Rutgers College**: B.A., 1985
- *High Honors* (Top 5%)

## HONORS, AWARDS, AND FELLOWSHIPS

*American Enterprise Institute* (2006): National Research Initiative Grant.

*Dean's Teaching Award, St. John's University School of Law* (2001): Given for excellence in teaching Business Organizations.

*Finalist, Computerworld-Smithsonian Award* (1997): Developed Internet site (securities.stanford.edu) that was recognized as one of the five most important applications of information technology created by an educational institution.

*Walter Gellhorn Prize* (1995): Awarded by Columbia University School of Law for outstanding proficiency in legal studies.

*James Kent Scholar* (1995): Highest honor awarded by Columbia University School of Law in recognition of outstanding academic achievement.

*Order of the Coif* (1988): Boston College Law School.

*National Trial Competition* (1988): New England Regional Champion and National Finalist.

## CONFERENCES ORGANIZED

*Enron and Its Aftermath*, St. John's University School of Law (September 2002).

*Securities Law for the Next Millennium: A Forward-Looking Statement*, St. John's University School of Law (September 2000).

## PAPER PRESENTATIONS AND SELECTED SPEAKING ENGAGEMENTS

*The Future of Securities Fraud Litigation.* Financial Economics Institute, Claremont McKenna College and RAND Corporation (Feb. 7-8, 2008).

*The Factual Basis for Institutional Investor Activism through Litigation.* The Rights and Responsibilities of Institutional Investors, Institutional Investor Magazine (Amsterdam, March 15, 2007).

*Institutional Activism through Litigation: An Empirical Assessment of Public Pension Fund Participation in Securities Class Actions*: Case Western Reserve Law School (Apr. 12, 2007); Cardozo Law School March 12, 2007); Vanderbilt Law School (Feb. 5, 2007), Stanford Law School (Oct. 3, 2006).

*The PSLRA at 10.* 2006 Annual Conference Global Shareholder Activism, Institutional Investor Educational Foundation (December 1, 2006).

*Private Securities Litigation Ten Years after the PSLRA—What's Working? What's Not?* U.S. Chamber of Commerce (Feb. 16, 2006).

*Markets & Monitors: The Impact of Competition and Experience on Attorneys' Fees in Securities Class Actions*: American Law and Economics Association Annual Meeting (May 4, 2006); Eugene P. and Delia S. Murphy Conference on Corporate Law, Fordham Law School (Nov. 4, 2005); Faculty Workshop, Cardozo Law School (August 22, 2005).

*Strategic Decision Making in Federal District Courts: Evidence from Securities Fraud Actions*: Faculty Workshop, Cornell Law School (September 30, 2005); Faculty Workshop, Seton Hall School of Law (September 26, 2005); Faculty Workshop, Boston College Law School (September 19, 2005); Stanford/Yale Junior Faculty Forum (May 27, 2005).

*The Impact of Institutional Investors on Attorneys' Fees in Securities Class Actions*, Presentation to the Contingent Fee Task Force of the American Bar Association Section on Tort & Insurance Practice (Dec. 17, 2004).

*Securities Litigation Reform: Did the Plaintiffs' Lawyers Win the War?* Bloomberg News (Sept. 30, 2004).

*Are Shareholder Lawsuits Useful or Frivolous*, American Enterprise Institute (Mar. 18, 2004).

*How Vigorously Will the SEC Enforce Attorney Up-the-Ladder Reporting Rules? An Analysis of Institutional Constraints, Norms, and Biases*, Up the Ladder & Beyond: The New Professional Standards for Lawyers under the Sarbanes-Oxley Act, Villanova Law Review Symposium (Nov. 8, 2003).

*Litigation and Shareholder Actions*, CPE Corporate Governance Seminar (June 2003).

*Investors in Arbitration: Leveling the Playing Field*, North American Securities Administrators Association's 18th Annual Public Policy Conference (April 2003).

*Action or Reaction? Congress Responds to Enron*, ABA 2002 Annual Meeting (August 2002).

*Don't be the Test Case! How to Avoid Liability Under Reg FD*, ABA-CLE VideoConference and TeleConference (February 2002); ABA 2001 Annual Meeting (August 2001).

*PLUS IPO Laddering Litigation Seminar* (September 2001).

*The Reform Act at 5 Years: A Look Backward and A Peek Forward*, PLUS D&O Liability & Insurance Issues Symposium (February 2001).

*Corporate and Securities Litigation Today*, ALI-ABA Annual Corporate Governance Institute (November 2000).

*Current Issues and Recent Developments in Securities Litigation*, National Association of Public Pension Attorneys Legal Education Conference (June 2000).

Moderator, *Securities Law for the Next Millennium: A Forward-Looking Statement*, St. John's University School of Law (September 2000).

*The Role of Public and Private Enforcement in Setting Future Normative Standards*, Securities Law for the Next Millennium: A Forward-Looking Statement, St. John's University School of Law (September 2000).

*Trends in Securities Litigation*, Northern District of California Judicial Conference (April 1999).

*Private Securities Litigation Reform Act of 1995: Where are We Four Years Later*, 1999 Institute for Corporate Counsel, USC School of Law (March 1999).

*Securities Class Actions in State Courts: A Way Around the Federal Securities Litigation Reform Act*, American Bar Association Annual Meeting (August 1998).

*Securities Litigation Reform: The First Year's Experience*, John M. Olin Program in Law and Economics Lecture Series, Stanford Law School (May 1997).

*New Research Tools in an Electronic Age*, Conference on Markets and Information Gathering in an Electronic Age: Securities Regulation in the 21st Century, Washington University School of Law (March 1997).

*The Pentium Papers: A Case Study of Collective Institutional Investor Activism in Litigation*, Securities Litigation Legislation Conference, University of Arizona (December 1995).

*Securities Litigation*, American Corporate Counsel Association (October 1997).

*Advanced Securities Law Workshop*, Practicing Law Institute (August 1997; August 1998).

*Nasdaq Directors' Day*, Stanford Law School and the Nasdaq Stock Market (June 1997).

*Disclosure Tools for the New Safe Harbor*, Nasdaq Regional Forums (June 1997).

*Private Securities Litigation Reform Act of 1995*, Biotechnology Industry Organization 1997 Annual Conference (June 1997).

*Directors' Roundtable*, National Conference for Corporate Counsel (May 1997).

*Biotechnology Law and Policy*, Stanford Law School (March 1997).

*Directors' College*, Stanford Law School (March 1997; March 1999).

*The Silicon Valley Venture Forum*, Center for Economic Policy Research, Stanford University (March 1997).

*Corporate Practice Conference 1997*, American Bar Association (January 1997).

*Securities Litigation*, Practicing Law Institute (October 1996; September 1997).

*Institutional Investors' Forum*, Stanford Law School (March 1996; October 1996; June 1997).

## CONGRESSIONAL TESTIMONY

*A Review of the Securities Arbitration System*, Hearing Before the Subcommittee on Capital Markets, Insurance, and Government Sponsored Enterprises of the Committee on Financial Services United States House of Representatives (March 17, 2005).

*Legislative Hearing on S. 1260, the Securities Litigation Uniform Standards Act of 1997*, Subcommittee on Securities of the Committee on Banking, Housing, and Urban Affairs, United States Senate (October 29, 1997).

*Oversight Hearings on the Private Securities Litigation Reform Act*, Subcommittee on Finance and Hazardous Materials of the Committee on Commerce, United States House of Representatives (October 21, 1997).

## EXPERT ENGAGEMENTS AND CONSULTANCIES

U.S. Securities and Exchange Commission; New York Stock Exchange; Citigroup, Inc.; Morgan Stanley Dean Witter; UBS PaineWebber, Inc.; U.S. Bancorp Piper Jaffray; AIG (UK); National Union Fire Insurance Company; New York State Common Retirement Fund, Inc.; New York State Teachers' Retirement System; Public Employees Retirement Association of Colorado; Minnesota State Board of Investment; New York Life Insurance Co.; American Electronics Association; National Venture Capital Association; BankAmerica Corporation; Grant & Eisenhofer, P.A.; Association of U.S. West Retirees

## MEMBERSHIPS AND COMMITTEES

New York State Bar

United States District Courts for the Southern and Eastern Districts of New York

Fellow, American Bar Foundation

New York County Bar Association Ad Hoc Task Force on Corporate Responsibility

Commissioner's Advisory Committee on Securities Regulation and Capital Formation, California Department of Corporations (1997-1998)

Association of American Law Schools—Securities Regulation and Corporations Sections

American Law and Economics Association

American Bar Association

**Michael A. Perino**
Dean George W. Matheson
Professor of Law

Tel 718 990-1928
Fax 718 990-6699
perinom@stjohns.edu
St. John's University
School of Law
8000 Utopia Parkway
Queens, NY 11439
www.law.stjohns.edu

February 15, 2008

Honorable Vaughn R. Walker
Chief Judge
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re: *In re Chiron Corporation Securities Litigation*, C-04-4293 VRW

Dear Judge Walker:

It is my understanding that at a hearing yesterday in the above-referenced matter, you raised with the parties the possibility of appointing me as a Rule 706 expert. In connection with that possibility, the parties requested disclosure of cases in which I have previously served as an expert. To the best of my knowledge, the following list reflects all federal, state, and foreign court proceedings in which I have provided either oral or written testimony, as well as a brief description of the subject matter of my opinion.

1. *In re Shell Petroleum, NV*, Amsterdam Court of Appeals (Apr. 9, 2007) (report submitted on behalf of non-U.S. institutional investors on fairness of proposed pan-European settlement).

2. *In re Adelphia Communications Corporation Securities and Derivative Litigation*, No. 03 MD 1529 (LMM) (S.D.N.Y., Nov. 16, 2006) (declaration submitted on behalf of objector New York State Teachers' Retirement System on fairness of class counsels' fee request).

3. *In re Qwest Communications International, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 71267 (D. Colo., Sept. 29, 2006) (declaration submitted on behalf of objector Association of U.S. West Retirees on fairness of class counsel's fee request).

4. *Daly v. U.S. Bancorp Piper Jaffray*, Cause No. DV-02-14 and related cases (Montana Second Judicial District Court, Silver Bow County, Sept. 3, 2003) (written and oral testimony on fairness of securities arbitration system submitted in connection with US Bancorp Piper Jaffray's motion to compel arbitration).

Professor Michael A. Perino
Page 2

5. *Paone v. Dean Witter Reynolds, Inc. et al.*, 99 Civ. 6099 (Pennsylvania Court of Common Pleas, Lackawanna County, Aug. 5, 2003) (written report and oral testimony on fairness of securities arbitration system submitted in connection with Dean Witter Reynolds' motion to compel arbitration).

6. *Cannon v. UBS PaineWebber, Inc.*, Civ. Action No. 3:02-2407-19 (D. S.C., Mar. 2003) (declaration on fairness of securities arbitration system submitted in connection with UBS PaineWebber's motion to compel arbitration).

7. *Metro Services, Inc. v. Oxford Health Plans, Inc.*, 97 Civ. 8023 (CLB) (S.D.N.Y., Mar. 1998) (joint declaration with Joseph A. Grundfest filed in support of Public Employees Retirement Association of Colorado's motion for appointment as lead plaintiff).

8. *Rafferty v. Mercury Finance Co.*, Civ. Action No. 97-624 (N.D. Ill., Mar. 1997) (joint declaration with Joseph A. Grundfest filed in support of Minnesota State Board of Investment's motion for appointment as lead plaintiff).

9. Shea v. New York Life Insurance Co., No. 96-0746-CIV-NESBITT (S.D. Fla., Jun. 1996) (joint declaration with Joseph A. Grundfest on fairness of proposed settlement).

Please let me know whether you need any additional information.

Sincerely,

Michael A. Perino