```
 1  MILBERG WEISS LLP
    JEFF S. WESTERMAN (SBN 94559)
 2  ELIZABETH P. LIN (SBN 174663)
    One California Plaza
 3  300 S. Grand Ave., Suite 3900
    Los Angeles, CA  90071-3172
 4  Telephone: (213) 617-1200
    Facsimile:  (213) 617-1975
 5  Email: jwesterman@milbergweiss.com
    elin@milbergweiss.com
 6
    MILBERG WEISS LLP                        KROLL HEINEMAN GIBLIN, LLC
 7  GEORGE A. BAUER III                      VINCENT M. GIBLIN
    ANITA KARTALOPOULOS                      99 Wood Avenue South, Suite 307
 8  One Pennsylvania Plaza                   Iselin, NJ  08830
    New York, NY  10119                      Telephone:  (732) 491-2100
 9  Telephone: (212) 594-5300                Facsimile:   (732) 491-2120
    Facsimile:  (212) 868-1229               Email: vgiblin@krollfirm.com
10  Email: gbauer@milbergweiss.com
    akartalopoulos@milbergweiss.com          Counsel for Lead Plaintiff
11
    Lead Counsel for the Class
12
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD GREGORY, On Behalf of Himself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>CHIRON CORPORATION, HOWARD H. PIEN, JOHN A. LAMBERT and DAVID V. SMITH,<br><br>  Defendants. | Case No. C-04-4293-VRW<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S (1) RESPONSE TO PROPOSAL FOR EVLUATION OF THE PROPOSED SETTLEMENT BY SPECIAL MASTER AND (2) REQUEST FOR STATUS CONFERENCE** |

LEAD PLAINTIFF'S RESPONSE TO PROPOSAL; REQEST FOR STATUS CONFERENCE
CASE NO.: C-04-4293-VRW

DOCS\427484v3

## I. INTRODUCTION

On February 14, 2008, at a Case Management Conference with the parties, the Court suggested the retention of a special master and in particular, Michael A. Perino ("Perino") to (1) advise the Court with respect to the reasonableness of the settlement, including the terms and conditions of the settlement and the fee and cost award being proposed; and (2) advise the Court with respect to an appropriate form of notice to members of the class that would elicit a meaningful response from members of the class. *See* 2/14/08 Transcript, at 3:17-25. The Court invited comment from the parties by March 17. For the following reasons, Lead Plaintiff does not believe Perino is the appropriate person, due to potential or actual conflicts posed by his engagements. Lead Plaintiff also notes that it may be possible to cost-effectively use publicly available data, as discussed below. Lead Plaintiff suggests a status conference to discuss the master concept further, and welcomes discussion about concepts for class notice. Depending on the Court's view at the status conference with regard to these issues, Lead Plaintiff is inclined to request permission to resubmit a motion for preliminary approval of the settlement, addressing the issues previously raised by the Court's order of November 30, 2007.

## II. SELECTION OF A MASTER

### A. Perino's Other Engagements Pose Conflict Concerns

Lead Plaintiff does not believe Perino should be retained to evaluate the settlement because his past and current engagements raise conflict concerns.

Perino currently serves as an expert for a group of class members objecting to a proposed fee in connection with a $400 million settlement in *In re Qwest Communications International, Inc. Sec. Litig.*, No. 01-cv-1451-REB-PAC (D. Colo. May 15, 2006). Class counsel in this action, Milberg Weiss, was one of the firms that filed and litigated the *Qwest* action on behalf of the plaintiffs and has an interest in the fees and costs from the settlement, which was recently appealed and remanded. Thus, Milberg Weiss has an interest in, and Perino is currently on the opposing side of, an issue in active litigation due to *Qwest*.

Perino also consults for Bank of America Corp. Bank of America is a named defendant in an action currently pending in California state court in connection with its proposed merger

with Countrywide, in which class counsel, Milberg Weiss, is co-lead counsel in the case. *See In re Countrywide Financial Corp. Shareholder Deriv. Litig.*, Case No. BC375275 (Cal. Sup. Ct.). Bank of America has also been a defendant in other litigation where Milberg Weiss was counsel.

Likewise, Perino consults for investment banks including Morgan Stanley Dean Witter, which have been defendants in securities class actions, including pending actions currently handled by Milberg Weiss. *See, e.g., In re Initial Public Offering Sec. Litig.*, 21 MC 92 (SAS) (S.D.N.Y.); *see also In re Morgan Stanley ERISA Litigation* Case No. 07-cv-11624 (S.D.N.Y.) (currently pending, Milberg Weiss is co-lead counsel).

Perino also counts insurance companies such as National Union Fire Insurance Company and New York Life Insurance Company as his clients. Because insurance companies generally have an interest in minimizing the payouts and fees in securities class actions, this also raises potential, if not actual, conflicts. National Union is frequently the insurer of claims in securities class actions, with a direct or indirect role in negotiating settlements to minimize their exposure.

Perino also consults for the American Electronics Association ("AEA"), a trade association that represents the technology industry. *See* www.aeanet.org. The AEA is an outspoken critic of private securities litigation and has actively sought to narrow its scope, including by submitting an amicus curiae brief arguing for a higher scienter standard in *In re Silicon Graphics, Inc. Sec. Litig.*, No. C-96-0393 FMS (N.D. Cal.). Also, when the Securities Uniform Standards Act was passed by Congress, AEA issued a press release entitled "AEA Hails Huge Victory for High Tech Industry" in which it derided securities lawsuits.

While Perino's credentials and background are substantial, all of these factors create too many issues to use Perino as a master in this case.

Lead Plaintiff is inclined to request another status conference with the Court to have either further discussions regarding a master, or a schedule to file another preliminary approval motion that addresses the issues previously raised by the Court's order of November 30, 2007, and any class notice ideas the Court may want considered.

LEAD PLAINTIFF'S RESPONSE TO PROPOSAL FOR EVALUATION
CASE NO.:C-04-4293-VRW
DOCS\427484v3

2

### B. The Cost Benefit of Utilizing Publicly Available Settlement and Fee Data Should be Explored.

Lead Plaintiff is concerned that the costs of retaining a master will reduce the amount of proceeds from the settlement received by the Class. There are several organizations that publish extensive data, some of it publicly, without charge, and counsel are willing to work with the Court to determine the availability of these datasets. It is believed that some, if not many, of these compilations are also utilized by institutional investors regarding their roles in securities litigation. Perino's basic research is also publicly available, setting aside whether his conclusions are applicable.

For example, Perino has used a dataset that he describes as derived from "settlements [] identified using Institutional Shareholder Service's Securities Class Action Services' database (ISS), which appears to be comprehensive database of securities class action settlements." Michael A. Perino, *Markets and Monitors: The Impact of Competition and Experience on Attorneys' Fees in Securities Class Actions* ("*Markets and Monitors*"), January 2006, at 12; Michael A. Perino, *Institutional Activism Through Litigation: An Empirical Analysis of Public Pension Fund Participation in Securities Class Actions* ("*Institutional Activism*"), October 2006, at 14. Whether the ISS database is accurate and comprehensive, or whether it only selects certain limited data or cases for inclusion, are issues that should be examined, but it may be available in a cost effective manner.

Further, while Perino apparently maintains a dataset of securities class action settlements that he used in various studies, he does not appear to use a complete set, or the same set, for each study he performs. For example, in *Markets and Monitors*, Perino stated that for the cases analyzed in his paper, he used a "random sample of *244* post-PSLRA securities class action settlements entered into between *April 1997 and May 2005*, inclusive." *Markets and Monitors*, at 12. Then, in *Institutional Activism*, Perino stated that he used a "random sample of *627* pre- and post-PSLRA settlements" including a "random sample of *126* pre-PSLRA and *501* post-PSLRA settled securities fraud class [sic] filed from *1984 through 2004*." *Institutional Activism*, at 14. Then, in a declaration dated only a month after *Institutional Activism*, in objecting to the

settlement in *In re Adelphia Communications Corp. Sec. & Deriv. Litig.*, Case No. 03 MD 1529 (LMM) (S.D.N.Y. Nov. 13, 2006), Perino attested that he had a dataset of **547** reported and unreported federal district court fee decisions in securities class actions which covered fee decisions from **1994 through 2006**. Declaration of Professor Michael A. Perino in Support of Objector New York State Teachers' Retirement System, at 4. Thus, it appears that the number of cases and the time period of the cases used by Perino for his studies and declarations regarding settlements have varied. It seems likely that the level of detail in reported and unreported decisions also varies.

In short, the time and expense necessary to determine the accuracy, comprehensiveness, and objectivity of a master's dataset, along with the reasons for any selectivity, and whether individual case information includes or excludes certain data, could be significant, require an additional expert for advice, and possibly overshadow the benefits.

### C. There are Issues Unique to the Court's Role in This Case

A master here could not evaluate a key aspect of the settlement, which is uniquely within the knowledge of the Court – *i.e.*, the value of the settlement in light of the Court's view of the motion to dismiss that was pending when the case settled. This information is not public – and may never be – but it highlights a risk factor to all parties in the case, and it was factored into all parties' settlement decision. No master would have the insight of the Court to weigh this factor. This is significant because, here, the Chiron defendants adamantly assert that this is a "no liability" case.

Additionally, it is unclear what role any master would, or could, have in evaluating the fee, or a lodestar "cross check" in light of the Court's discussion in the November 30, 2007 Order, which Lead Plaintiff and Lead Counsel were assuming they would need to address if a motion for preliminary approval is re-filed. Would a Master's assignment include the ability to make a recommendation contrary to the Court's view of the cross check? Interestingly, Perino's work appears to lean against the significance of a cross check. According to Perino, "empirical research has shown that lodestars have little or no explanatory power in predicting fee awards …

settlement size[] is the single most important determinant of fee size." Perino *Adelphia* Decl., at 6 n. 5.[1]

### III. LEAD PLAINTIFF REQUESTS FURTHER DISCUSSION REGARDING CLASS NOTICE

During the CMC on February 14, 2008, the Court also suggested that a master be used to advise the Court regarding an appropriate notice that would elicit a meaningful response from class members. We are open to further discussion and ideas on this issue.

### IV. CONCLUSION

Lead Plaintiff respectfully requests a further status conference to discuss possible alternatives to Perino, modifications to the traditional class notice and a motion for preliminary approval.

DATED: March 17, 2008

MILBERG WEISS LLP
JEFF S. WESTERMAN
ELIZABETH P. LIN

/s/ Jeff S. Westerman
_____
Jeff S. Westerman

One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milbergweiss.com
elin@milbergweiss.com

MILBERG WEISS LLP
GEORGE A. BAUER III
ANITA KARTALOPOULOS

---

[1] According to various studies, including ones cites by Perino, 25% appears within the appropriate percentage fee range for a settlement like this. For example, an independent study conducted in 2005 by the National Economic Research Association, Inc. (NERA) found that in cases with a common settlement fund of $25 million to $100 million, the average percentage of attorneys' fees awarded is 26%. Elaine Buckberg, Todd Foster & Ronald I. Miller, *Recent Trends in Shareholder Class Action Litigation: Are Worldcom and Enron the New Standard?* July 2005, at 7. Perino relied on this study in his *Adelphia* declaration. Perino *Adelphia* Decl., at 7-8. Similarly, in his *Qwest* declaration, Perino indicated that 23.17% was the mean, and 25% was the median, fee award in cases where the settlement resulted in a settlement of $25-$75 million, based on a sample of 525 federal district court fee decisions from 1994 through 2006. Perino *Qwest* Decl., at 11.

One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
Email: gbauer@milbergweiss.com

Lead Counsel for the Class

KROLL HEINEMAN GIBLIN, LLC
VINCENT M. GIBLIN
99 Wood Avenue South, Suite 307
Iselin, NJ 08830
Telephone: (732) 491-2100
Facsimile: (732) 491-2120
Email: vgiblin@krollfirm.com

Counsel for Lead Plaintiff

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2. That on March 17, 2008, declarant served the **LEAD PLAINTIFF'S RESPONSE TO PROPOSAL FOR EVLUATION OF THE PROPOSED SETTLEMENT BY SPECIAL MASTER** by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

4. That on the above date, declarant served via e-mail to: scac@law.stanford.edu.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of March, 2008, at Los Angeles, California.

_____
ELIZABETH VILLALOBOS

LEAD PLAINTIFFS' RESPONSE TO PROPOSAL FOR EVALUATION
CASE NO.:C-04-4293-VRW
DOCS\427484v3

# CHIRON CORPORATION
## SERVICE LIST

*Counsel for Plaintiffs*

| | |
|---|---|
| Jeff S. Westerman<br>Elizabeth P. Lin<br>MILBERG WEISS LLP<br>One California Plaza<br>300 S. Grand Avenue, Suite 3900<br>Los Angeles, CA 90071<br>Telephone: (213) 617-1200<br>Facsimile: (213) 617-1975 | George A. Bauer III<br>Anita Kartalopoulos<br>MILBERG WEISS LLP<br>One Pennsylvania Plaza<br>New York, NY 10119<br>Telephone: (212) 594-5300<br>Facsimile: (212) 868-1229 |
| Vincent M. Giblin<br>KROLL HEINEMAN GIBLIN LLC<br>99 Wood Avenue South, Suite 307<br>Iselin, NJ 08830<br>Telephone: (732) 491-2100<br>Facsimile: (732) 491-2120 | Lionel Glancy<br>GLANCY BINKOW & GOLDBERG LLP<br>1801 Ave. of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160 |
| Brian P. Murray<br>MURRAY, FRANK & SAILER LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: (212) 682-1818<br>Facsimile: (212) 682-1892 | |

*Counsel for Defendants*

| | |
|---|---|
| James E. Lyons<br>Amy Park<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>Four Embarcadero Center, Suite 3800<br>San Francisco, CA 94111<br>Telephone: (415) 984-6400<br>Facsimile: (415) 984-2698 | Eric Waxman<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>300 S. Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 687-5000<br>Facsimile: (213) 687-5600 |
| Paul K. Rowe<br>Rachelle Silverberg<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>Facsimile: (212) 403-2000 | |

*Other Counsel*

Jeffrey R. Krinsk
FINKELSTEIN & KRINSK
501 W. Broadway, Suite 1250
San Diego, CA  92101-3593
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425