1  MILBERG LLP
   JEFF S. WESTERMAN (SBN 94559)
2  ELIZABETH P. LIN (SBN 174663)
   One California Plaza
3  300 S. Grand Ave., Suite 3900
   Los Angeles, CA  90071-3172
4  Telephone: (213) 617-1200
   Facsimile:  (213) 617-1975
5  Email: jwesterman@milberg.com
   elin@milberg.com
6
   MILBERG LLP
7  GEORGE A. BAUER III
   ANITA KARTALOPOULOS
8  One Pennsylvania Plaza
   New York, NY  10119
9  Telephone: (212) 594-5300
   Facsimile:  (212) 868-1229
10 Email: gbauer@milberg.com
   akartalopoulos@milberg.com
11
   Lead Counsel for the Class
12
   [Additional counsel appear on signature page]
13
                 UNITED STATES DISTRICT COURT
14
              NORTHERN DISTRICT OF CALIFORNIA
15
                  SAN FRANCISCO DIVISION
16
   RICHARD GREGORY, On Behalf of Himself )   Case No. C-04-4293-VRW
17 and All Others Similarly Situated,    )
                                         )   CLASS ACTION
18                         Plaintiff,    )
                                         )   LEAD PLAINTIFF'S RESPONSE TO
19           vs.                         )   ORDER OF APRIL 14, 2008 RE MODIFIED
                                         )   TERMS OF SETTLEMENT AND CLASS
20 CHIRON CORPORATION, HOWARD H.         )   NOTICE
   PIEN, JOHN A. LAMBERT and DAVID V.    )
21 SMITH,                                )
                                         )
22                         Defendants.   )
                                         )
23 _____  )

24

25

26

27

28

   LEAD PLAINTIFF'S RESPONSE RE MODIFIED TERMS OF SETTLEMENT AND CLASS NOTICE
   CASE NO.: C-04-4293-VRW

Lead Plaintiff appreciates the Court's approach to the proposed settlement in its April 14, 2008 order.   Pursuant to the Order, Lead Plaintiff hereby provides information about the modified terms of the proposed settlement and the request for approval of attorneys' fees and costs.

In addition, Lead Plaintiff proposes some issues for consideration in connection with the publication of the Class notice, and jointly along with defendants, respectfully requests the opportunity to discuss these issues at a status conference with the Court.   In setting up the conference, Lead Counsel requests that the conference not be set for April 25 or the following week due to planned surgery for a close family member.

## I.      MODIFIED SETTLEMENT TERMS

The proposed settlement terms are modified as follows.

### A.      Termination Opt-Out Number

The termination opt-out number, which provides that defendants may terminate the settlement if opt-outs by settlement Class members reach certain thresholds, will be disclosed. *See* Court's November 30, 2007 order denying preliminary approval of the proposed settlement (the "11/30/07 Order"), at 21-23.  An addendum to the Stipulation and Agreement of Settlement will be executed shortly.

### B.      Attorneys' Fee Request

Although the award of any attorneys' fees or expenses is not a term or condition of the settlement agreement, Lead Plaintiff and Lead Counsel will reduce the request for attorneys' fees to be described in the Class notice from 25% to 17%.

Lead Plaintiff and Lead Counsel do not object to the Court moving $227,209.25 for professional support staff, which is characterized as expenses in the Order (*see* 11/30/07 Order, at 12), from the lodestar calculation to the expense category, and will make that adjustment.

## II.     CLASS NOTICE

Lead Plaintiff would like the opportunity to discuss with the Court some additional logistical issues for consideration with respect to the Class notice.

LEAD PLAINTIFF'S RESPONSE RE MODIFIED TERMS OF SETTLEMENT AND CLASS NOTICE
CASE NO.:C-04-4293-VRW

1

DOCS\432702v2

### A.      Issuance, Comprehensiveness and Cost of Notice

The Class notice for a settlement is typically issued only once – prior to final approval of the settlement – to allow Class Members to consider the terms of the settlement and the fee request and to decide whether to exclude themselves (opt-out) or to object to the proposed settlement.  Lead Plaintiff believes there should only be one unified, comprehensive notice for purposes of final approval, as any additional notices could create confusion among Class Members.  It would also increase costs which Defendants advise they will not shoulder.  Lead Plaintiff does not believe the cost of an extra notice should be born by the Class.  The estimated cost of two notices, mailing and publication, is in the range of $47,000 to $106,000 each, depending on the number of pages and the weight of the mailing.  Neither side negotiated the settlement with the cost of two notices in mind.

We believe the Court's goals and the appropriate notice for a final approval hearing can be accomplished through a single, unified notice which includes both the Court's points and the traditional notice.  This single unified notice can be the only notice required for the final approval hearing.  This notice can reflect the Court's position that it has not tentatively approved the settlement or its terms.

### B.      Response to Class Notice and Standing to Object

Under applicable law, only Class members who do not opt-out have the standing to object.  *See Glass v. UBS Financial Services, Inc.,* No. C-06-4068 MMC, 2007 U.S. Dist. LEXIS 8476, *26 (N.D. Cal. Jan. 26, 2007) (class member who opts out is no longer a class member and has no standing to object); *Mayfield v. Barr,* 300 U.S. App. D.C. 31, 985 F.2d 1090 (D.C. Cir. 1993) ("[t]hose who are not class members, because they are outside the definition of the class or have opted out" lack standing to object to class settlement).  As such, there should be a system to ensure that those who respond to the Class notice and/or object to the settlement by email or otherwise are valid Class members who purchased Chiron stock during the Class Period and have not otherwise opted-out.  This can be accomplished through combining the Court's described procedure with designated objection and opt-out deadlines, as found in typical settlement notices as a prelude to a final approval hearing.

### C.        Information on the Website

Since Pacer requires a fee for access to the Court's file, Lead Plaintiff believes that, in addition to (i) the "Notice of Pendency of Class Action and Proposed Settlement Thereof, Motion for Attorneys' Fees and Settlement Fairness Hearing" and (ii) the Court's November 30, 2007 order denying preliminary approval of the proposed settlement, the complete record of the proceedings should also be made available free of charge to Class members on the website regarding the proposed settlement, including the amended consolidated complaint and all available transcripts of hearings and conferences regarding the motion to dismiss and the settlement.

### D.        Other Issues

Lead Plaintiff would like the record to Class members to reflect the following facts, and respectfully requests the opportunity to discuss them with the Court.

### 1.        The Number of Cases Involving the Lead Plaintiff

Because the Court's Order addresses some points that were not briefed or raised at the preliminary approval hearing, Lead Plaintiff believes the record is not complete.

Lead Plaintiff, International Union of Operating Engineers Local No. 825 Pension Fund ("Local 825 Pension Fund"), believes the record should reflect that it was not involved in seven other federal securities/stockholder class actions as mentioned in the Court's November 30, 2007 Order.   Local 825 Pension Fund had no role whatsoever in four of those cases.   While it requested appointment as lead plaintiff, it was not appointed lead plaintiff in the other three. Therefore, its resources as Lead Plaintiff here were not diverted by those other cases.

The International Union of Operating Engineers is an affiliation of some 146 local unions (or "Locals").  The International Union of Operating Engineers and the Locals are separate legal entities.  Each Local has a specific jurisdiction where it is chartered to represent members.  Each of these Locals are separate legal entities and operate separately and independently from each other.  Local 825 Pension Plan is a defined benefits plan with approximately $521 million in assets.

In *Garber v. Pharmacia Corp.*, No. 03-1519 (D.N.J.), *City of Roseville v. Micron Technology*, No. 06-0085 (D. Idaho), and *Nugent v. AFC Enterprises, Inc.*, No. 03-0817 (N.D. Ga.), the lead plaintiff appointed in those cases was the International Union of Operating Engineers ***Local 132*** Pension Fund, not Local 825 Pension Fund.  *See* 11/30/07 Order, at 25.  Local 825 Pension Fund also had no involvement in  *Citizens for Consumers v. Abbott Laboratories*, No. 01-12257 (D. Mass), an antitrust action in which International Union of Operating Engineers, ***Local No. 68 Welfare Fund***, represented by Kline & Spector, served as a plaintiff.  *See* 11/30/07 Order, at 25.  Although in *Shankar v. Boston Scientific Corp.*, No. 05-11934 (D. Mass), *In re Doral Financial Corp. Sec. Litig.*, No. 05-1706 (S.D.N.Y.) / *Faverman v. Doral Financial Corp.*, No. 05-4026 (S.D.N.Y.) (consolidated with 05-1706), and *Weiss v. Friedman, Billings Ramsey Group, Inc.*, No. 05-4617 (S.D.N.Y.), Local 825 moved for lead plaintiff, it was not appointed.  *See* 11/30/07 Order, at 25.

In fact, in *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-4617 (S.D.N.Y.), Locals 302 and 612 made a competing motion for lead ***against*** Local 825 Pension Fund, which sought appointment as lead plaintiff as part of another group.  The court ultimately appointed Locals 302 and 612, represented by the Coughlin, Stoia, Geller, Rudman & Robbins LLP ("Coughlin Stoia"), over Local 825 Pension Fund, represented by Milberg LLP ("Milberg").  Similarly, in *Shankar v. Boston Scientific Corp.*, No. 05-11934 (D. Mass.), Locals 302 and 612, represented by the Coughlin Stoia firm, also ***competed against*** Local 825 Pension Fund, represented by Milberg, for lead plaintiff appointments.  There, neither was appointed.

### 2.      The Laffey Matrix

Lead Plaintiff also believes the record should reflect certain additional information concerning the Laffey Matrix.  *See* 11/30/07 Order, at 13-17.

Although the "Laffey Matrix" or the "United States Attorney's Office Matrix" has been used by some courts to assess the reasonableness of fees, the Laffey Matrix reflects attorney billing rates in the District of Columbia and "is intended to be use in cases in which a 'fee-shifting' statute permits the prevailing party to recover 'reasonable' attorney's fees." *See*

http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.html.  This is not such a fee shifting case nor is the case litigated by attorneys in D.C.  Additionally, the hourly rates approved by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), were for work done principally in 1981-1982 – approximately 25 years ago – and the rates for subsequent yearly periods are determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5.  *See*  http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey Matrix_7.html.  The Laffey Matrix thus does not reflect the prevailing market rates in Los Angeles or New York, where most of the attorneys litigating this case are based.

Additionally, in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 15 (D.D.C. 2000), the court concluded that an "Updated Matrix" developed by Dr. Michael Kavanaugh, an economist, better reflected the prevailing rates for legal services in the D.C. community.  In contrast to the Laffey Matrix which uses the D.C. Metropolitan Consumer Price Index to bring 1981-1982 rates forward to the present, Dr. Kavanaugh's Updated Matrix uses the Consumer Price Index ("CPI") for U.S. City Average, Legal Service Fees ("Legal Services Index"), a national index readily available and maintained by the U.S. Department of Labor, Bureau of Labor Statistics, to bring 1988-1989 rates forward to the present.  Courts have found the rates used in the Updated Matrix reasonable and more accurate.  *See Ricks v. Barnes*, No. 05-1756 HHK/DAR, 2007 U.S. Dist. LEXIS 22410, at *16 (D.D.C. Mar. 28, 2007) (finding Updated Matrix rates reasonable); *Smith v. District of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006) (concluding that use of the Updated Matrix is reasonable and noting that the Updated Matrix is more accurate than the Laffey Matrix because the Updated Matrix is "based on increases/decreases in legal services rather than increase[s]/decreases in the entire CPI which includes price changes for many different goods and services"); *Kempf v. Barrett Bus. Servs.*, No. C-06-3161 SC, 2007 U.S. Dist. LEXIS 89447 (N.D. Cal. Nov. 20, 2007) (finding attorneys' requested fees reasonable when compared to rates in the Updated Matrix).  Further, in *Perez v. Cozen & O'Conner Group Long Term Disability Coverage,* No. 05cv0440 DMS (AJB), 2007 U.S. Dist. LEXIS 53996 (S.D. Cal.

Mar. 27, 2007), the court found the Laffey Matrix was not applicable to any market outside of the Washington D.C. area and that the use of the Laffey Matrix "would be contrary to Ninth Circuit law, which 'instructs district courts to use 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Id.* at **6-7.

Below is a comparison of the rates under the Laffey Matrix and the Updated Matrix:

### Laffey Matrix – 6/1/07-5/31/08 Rates

|  | Laffey Matrix Rates | Laffey Rates + 4.6% Adjustment for Los Angeles | Laffey Rates + 5% Adjustment for New York |
|---|---|---|---|
| **Paras/law clerks** | $125 | $130.75 | $131.25 |
| **1-3 yr attys** | $215 | $224.89 | $225.75 |
| **4-7 yr attys** | $255 | $266.73 | $267.75 |
| **8-10 yr attys** | $315 | $329.49 | $330.75 |
| **11-19 yr attys** | $390 | $407.94 | $409.50 |
| **20+ yr attys** | $440 | $460.24 | $462.00 |

http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey Matrix_7.html.[1]

### Updated Matrix – 6/1/07-5/31/08 Rates

|  | Updated Matrix | Updated Rates + 4.6% Adjustment for Los Angeles | Updated Rates + 5% Adjustment for New York |
|---|---|---|---|
| **Paras/law clerks** | $146 | $152.72 | $153.30 |
| **1-3 yr attys** | $268 | $280.33 | $281.40 |
| **4-7 yr attys** | $329 | $344.13 | $345.45 |
| **8-10 yr attys** | $475 | $496.85 | $498.75 |
| **11-19 yr attys** | $536 | $560.66 | $562.80 |
| **20+ yr attys** | $645 | $674.67 | $677.25 |

http://www.laffeymatrix.com/see.html

[1]  The percentage adjustments for Los Angeles and New York in the Laffey Matrix and Updated Matrix tables are based on the adjustments used by the Court in its 11/30/07 Order, at 14.

1   If Class counsel applies the Updated Matrix rates to the attorney time previously

2   submitted which was discussed in the Court's 11/30/07 Order, Class counsel's lodestar would

3   actually *increase* by approximately $93,000.

### 3.   Skadden's Representation of Former Milberg Partners

5   We are informed that Skadden, Arps, Slate Meagher & Flom LLP, defense counsel in this

6   action, has information to provide the Court on this point.  *See* 11/30/07 Order, at 33.

7   DATED:  April 18, 2008                          MILBERG LLP
8                                                   JEFF S. WESTERMAN
                                                    ELIZABETH P. LIN
9
                                                  _____
10                                                      */s/ Jeff S. Westerman*
                                                     JEFF S. WESTERMAN
11                                                 One California Plaza
                                                   300 South Grand Avenue, Suite 3900
12                                                 Los Angeles, CA 90071
                                                   Telephone: (213) 617-1200
13                                                 Facsimile:  (213) 617-1975
                                                   Email: jwesterman@milberg.com
14                                                    elin@milberg.com

15                                                 MILBERG LLP
                                                   GEORGE A. BAUER III
16                                                 ANITA KARTALOPOULOS
                                                   One Pennsylvania Plaza, 49th Floor
17                                                 New York, NY  10119
                                                   Telephone: (212) 594-5300
18                                                 Facsimile:  (212) 868-1229
                                                   Email: gbauer@milberg.com
19                                                    akartalopoulos@milberg.com

20                                                 Lead Counsel for the Class

21                                                 KROLL HEINEMAN GIBLIN, LLC
                                                   VINCENT M. GIBLIN
22                                                 99 Wood Avenue South, Suite 307
                                                   Iselin, NJ  08830
23                                                 Telephone:  (732) 491-2100
                                                   Facsimile:   (732) 491-2120
24
                                                   Counsel for Lead Plaintiff
25

26

27

28

1

## DECLARATION OF SERVICE BY MAIL

2

I, the undersigned, declare:

3     1.      That declarant is and was, at all times herein mentioned, employed in the County

4  of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that

5  declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los

6  Angeles, California 90071-3149.

7     2.      That on April 18, 2008, declarant served the LEAD PLAINTIFF'S RESPONSE

8  TO ORDER OF APRIL 14, 2008 RE MODIFIED TERMS OF SETTLEMENT AND CLASS

9  NOTICE by depositing a true copy thereof in a United States mailbox at Los Angeles, California

10 in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the

11 attached Service List.

12    3.      That there is a regular communication by mail between the place of mailing and

13 the places so addressed.

14    4.      That on the above date, declarant served via e-mail to: scac@law.stanford.edu.

15    I declare under penalty of perjury that the foregoing is true and correct.  Executed this

16 18th day of April, 2008, at Los Angeles, California.

17

18

19                                        ANN MARIE GENOVESE

20

21

22

23

24

25

26

27

28

LEAD PLAINTIFF'S RESPONSE RE MODIFIED TERMS OF SETTLEMENT AND CLASS NOTICE
CASE NO.:C-04-4293-VRW                                                          8
DOCS\432702v2

**SERVICE LIST**

*Richard Gregory v. Chiron Corporation, et al.*
USDC ~ San Francisco - Case No.C-04-4293-VRW

| | |
|---|---|
| ***Counsel for Plaintiffs*** | |
| Jeff S. Westerman<br>Elizabeth P. Lin<br>MILBERG LLP<br>One California Plaza<br>300 S. Grand Avenue, Suite 3900<br>Los Angeles, CA  90071<br>Telephone: (213) 617-1200<br>Facsimile:  (213) 617-1975 | George A. Bauer III<br>Anita Kartalopoulos<br>MILBERG LLP<br>One Pennsylvania Plaza<br>New York, NY  10119<br>Telephone: (212) 594-5300<br>Facsimile:  (212) 868-1229 |
| Vincent M. Giblin<br>KROLL HEINEMAN GIBLIN LLC<br>99 Wood Avenue South, Suite 307<br>Iselin, NJ  08830<br>Telephone: (732) 491-2100<br>Facsimile:  (732) 491-2120 | Lionel Glancy<br>GLANCY BINKOW & GOLDBERG LLP<br>1801 Ave. of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile:  (310) 201-9160 |
| Brian P. Murray<br>MURRAY, FRANK & SAILER LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: (212) 682-1818<br>Facsimile:  (212) 682-1892 | |
| ***Counsel for Defendants*** | |
| James E. Lyons<br>Amy Park<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>Four Embarcadero Center, Suite 3800<br>San Francisco, CA  94111<br>Telephone: (415) 984-6400<br>Facsimile:  (415) 984-2698 | Eric Waxman<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>300 S. Grand Avenue<br>Los Angeles, CA  90071<br>Telephone: (213) 687-5000<br>Facsimile:  (213) 687-5600 |
| Paul K. Rowe<br>Rachelle Silverberg<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>Facsimile:  (212) 403-2000 | |

| **Other Counsel** | |
|---|---|
| Jeffrey R. Krinsk<br>FINKELSTEIN & KRINSK<br>501 W. Broadway, Suite 1250<br>San Diego, CA  92101-3593<br>Telephone: (619) 238-1333<br>Facsimile:  (619) 238-5425 | |