MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
ELIZABETH P. LIN (SBN 174663)
One California Plaza
300 S. Grand Ave., Suite 3900
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com
elin@milberg.com

MILBERG LLP
GEORGE A. BAUER III
ANITA KARTALOPOULOS
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
Email: gbauer@milberg.com
akartalopoulos@milberg.com

Lead Counsel for the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD GREGORY, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHIRON CORPORATION, HOWARD H. PIEN, JOHN A. LAMBERT and DAVID V. SMITH, <br><br> Defendants. | Case No. C-04-4293-VRW <br><br> <u>CLASS ACTION</u> |

## <u>PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS</u>

1   WHEREAS, on or about March 29, 2007, the parties to the above-entitled action (the

2   "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is

3   subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the

4   exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged

5   in the Consolidated Amended Complaint For Violations of the Federal Securities Laws, dated April

6   14, 2005 (the "Complaint") on the merits and with prejudice and the Court having read and

7   considered the Stipulation and the accompanying documents; by Order dated November 30, 2007 the

8   Court denied preliminary approval of the Stipulation, following conferences with, and additional

9   information provided to, the Court, the parties have revised the form of the Settlement Notice and

10  have added a cover notice prepared by Judge Walker, and the parties to the Stipulation having

11  consented to the entry of this Order; and all capitalized terms used herein having the meanings

12  defined in the Stipulation;

13  NOW, THEREFORE, IT IS HEREBY ORDERED, this __18th__ day of __June_____,

14  2008 that:

15  1.   Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for

16  the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of all

17  persons who purchased or otherwise acquired the common stock of Chiron Corporation (now known

18  as Novartis Vaccines and Diagnostics, Inc. ("Chiron")) from July 23, 2003 through October 5, 2004

19  (the "Class Period" or "Settlement Class Period").  Excluded from the Settlement Class shall be the

20  Individual Defendants, their heirs, affiliates, successors and assigns, and the current or former

21  officers and directors of Chiron.  Also excluded are Class Members who submit a timely, valid and

22  proper signed request for exclusion.  If the Settlement does not become Final, as defined in the

23  Stipulation, for any reason, the Settlement Class will be de-certified without prejudice to Lead

24  Plaintiff's right to seek re-certification and to Defendants' right to oppose certification on any and all

25  grounds.

26  2.   The Court finds, for the purposes of the Settlement only, that the prerequisites for a

27  class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

28  in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is

1  impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead

2  Plaintiff International Union of Operating Engineers Local No. 825 Pension Fund are typical of the

3  claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Plaintiff's Counsel will fairly

4  and adequately represent the interests of the Class; (e) the questions of law and fact common to the

5  Class Members predominate over any questions affecting only individual Class Members; and (f) a

6  class action is superior to other available methods for the fair and efficient adjudication of the

7  controversy.

8      3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

9  the Settlement only, Lead Plaintiff International Union of Operating Engineers Local No. 825

10  Pension Fund is certified as the Class Representative.

11     4.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal

12  Rules of Civil Procedure is hereby scheduled to be held before the Court on ___OCTOBER 2___,

13  2008, at __10_:_00__ _a_.m. for the following purposes:

14         (a)    to finally determine whether this Action satisfies the applicable prerequisites

15  for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

16         (b)    to determine whether the proposed Settlement is fair, reasonable, and adequate

17  and in the best interests of the Class, and should be approved by the Court;

18         (c)    to determine whether the Final Order and Judgment as proposed in the

19  Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with

20  prejudice, and to determine whether the release by Lead Plaintiff and the other Class Members of the

21  Released Claims, as set forth in the Stipulation, should be provided to the Released Parties;

22         (d)    to determine whether the proposed Plan of Allocation for the proceeds of the

23  Settlement is fair and reasonable, and should be approved by the Court;

24         (e)    to consider Lead Plaintiff's Counsel's application for an award of attorneys'

25  fees and expenses; and

26         (f)    to rule upon such other matters as the Court may deem appropriate.

27     5.      The Court reserves the right to approve the Settlement with or without modification

28  and with or without further notice of any kind.  The Court further reserves the right to enter its Final

1  Order and Judgment approving the Stipulation and dismissing the Complaint on the merits and with

2  prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and

3  expenses.

4        6.     The Court approves the form, substance and requirements of the Notice of Proposed

5  Settlement by Judge Walker (the "Cover Notice") and the Notice of Pendency of Class Action,

6  Proposed Settlement Thereof, Motion for Attorneys' Fees and Settlement Fairness Hearing (the

7  "Settlement Notice") and the Proof of Claim and Release form, annexed hereto as Exhibits 1, 2 and 3

8  respectively.

9        7.     The Court approves the appointment of Gilardi & Co. LLC as the Claims

10  Administrator.  The Claims Administrator shall cause the Cover Notice, Settlement Notice and the

11  Proof of Claim and Release, substantially in the forms annexed hereto, to be mailed, by first class

12  mail, postage prepaid, on or before ___ JULY 2 _____, 2008, to all Class Members who can be

13  identified with reasonable effort.  The Defendants shall cause Chiron's transfer records and

14  shareholder information to be made available to the Claims Administrator for the purpose of

15  identifying and giving notice to the Class.  The Claims Administrator shall use reasonable efforts to

16  give notice to nominee purchasers such as brokerage firms and other persons or entities who

17  purchased Chiron common stock during the Class Period as record owners but not as beneficial

18  owners.  Such nominee purchasers are directed within seven (7) days of their receipt of the notice, to

19  either forward copies of the Cover Notice, Settlement Notice and Proof of Claim and Release to their

20  beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of

21  the beneficial owners, and the Claims Administrator is ordered to send the Cover Notice, Settlement

22  Notice and Proof of Claim and Release promptly to such identified beneficial owners.  Nominee

23  purchasers who elect to send the Cover Notice, Settlement Notice and Proof of Claim and Release to

24  their beneficial owners shall send a statement to the Claims Administrator confirming that the

25  mailing was made as directed.  Additional copies of these forms shall be made available to any

26  record holder requesting such for the purpose of distribution to beneficial owners, and such record

27  holders shall be reimbursed by Chiron pursuant to the terms of the Stipulation, upon receipt by the

28  Claims Administrator of proper documentation, for the reasonable expense of sending the Cover

1  Notice, Settlement Notices and Proofs of Claim and Releases to beneficial owners. Lead Plaintiff's

2  Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of

3  the Cover Notice, Settlement Notice and Proof of Claim and Release.

4         8.      The Court approves the form of Publication Notice of the Pendency of this class

5  action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 4

6  and directs that Lead Plaintiff's Counsel shall cause the Publication Notice to be published in the

7  national edition of *The Wall Street Journal*, and *Investor's Business Daily* within ten days of the

8  mailing of the Notice. Lead Plaintiff's Counsel shall, at or before the Settlement Fairness Hearing,

9  file with the Court proof of such publication of the Published Notice.

10         9.      The form and content of the Cover Notice, Settlement Notice, and the method set

11  forth herein of notifying the Class of the Settlement and its terms and conditions, meet the

12  requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities

13  Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation

14  Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances,

15  and shall constitute due and sufficient notice to all persons and entities entitled thereto.

16        10.      In order to be entitled to participate in the Net Settlement Fund, in the event the

17  Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each

18  Class Member shall take the following actions and be subject to the following conditions:

19        (a)      A properly executed Proof of Claim and Release, substantially in the form

20  attached hereto as Exhibit 3, must be submitted to the Claims Administrator, at the Post Office Box

21  indicated in the Notice, postmarked not later than ___NOVEMBER 1___, 2008. Such deadline may be

22  further extended by Court Order. Each Proof of Claim and Release shall be deemed to have been

23  submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid)

24  provided such Proof of Claim and Release is actually received prior to the motion for an order of the

25  Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release submitted

26  in any other manner shall be deemed to have been submitted when it was actually received at the

27  address designated in the Notice.

28

Preliminary Order For Notice and Hearing In Connection With Settlement Proceedings
CASE NO.:C-04-4293-VRW

-4 -

(b)     The Proof of Claim and Release submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Plaintiff's Counsel; (iii) if the person executing the Proof of Claim and Release is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim and Release; and (iv) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim and Release, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims against all Released Parties as provided in the Stipulation.

11.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request for exclusion shall submit the request no later than _ AUGUST 18 ___, 2008 either (i) by e-mail to the Court at chironlitigation@gilardi.com, or (ii) by first class mail to the address designated in the Settlement Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, must clearly state that the sender requests to be excluded from the Class in the Chiron Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of Chiron common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13. The Court invites comments and/or objections to the Settlement, the Plan of Allocation, or Lead Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses. Comments or objections and any supporting papers may be submitted to the Court in writing, on or before _AUGUST 18_, 2008, either (i) by email to the court at chironlitigation@gilardi.com, or (ii) by filing them with the Clerk of the Court, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, and serving copies of all such papers upon each of the following: Jeff S. Westerman, Esq., Milberg LLP, 300 South Grand Avenue, Suite 3900, Los Angeles, CA 90071 on behalf of the Lead Plaintiff and the Class; and Amy S. Park, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, 525 University Avenue, Suite 1100, Palo Alto, CA 94301 on behalf of the Defendants. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

14. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action, either directly, indirectly or derivatively, that asserts any Released Claims against any of the Released Parties.

15. As provided in the Stipulation, Chiron may pay or cause to be paid to the Claims Administrator the reasonable fees and costs associated with giving notice to the Class without further order of the Court.

| Preliminary Order For Notice and Hearing In Connection With Settlement Proceedings<br>CASE NO.:C-04-4293-VRW | -6 - |
| --- | --- |

16.    If: (a) the Settlement is terminated by Defendants pursuant to paragraph 28(b) of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiff's Counsel or Counsel for the Defendants elects to terminate the Settlement as provided in paragraph 28(a) of the Stipulation, then, in any such event: (i) the parties' Memorandum of Understanding, the Stipulation, including any amendment(s) thereof, and any other settlement documents, and this Preliminary Order certifying the Class and the Class Representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and shall be inadmissible in any proceeding before any tribunal; (ii) the Settlement Class will be de-certified without prejudice to Lead Plaintiff's right to seek re-certification and to Defendants' right to oppose certification on any and all grounds;  and (iii) each party shall be restored to his, her or its respective position as it existed prior to June 6, 2006.

17.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:     June 17     , 2008

_____
The Honorable Vaughn R. Walker
UNITED STATES DISTRICT JUDGE

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE CHIRON CORPORATION
SECURITIES LITIGATION

No C 04-4293 VRW

NOTICE OF PROPOSED
SETTLEMENT

_____ /

To whom it may concern:

    You are receiving this letter because you or an entity in which you have an interest or an entity or person for which you have responsibility may have purchased or otherwise acquired shares of Chiron common stock between July 23, 2003 and October 5, 2004. As such, you may be a member of a proposed class of shareholders in a class action lawsuit currently pending before Chief Judge Vaughn R Walker in the United States District Court for the Northern District of California. The lead plaintiff in the lawsuit, International Union of Operating Engineers Local No. 825 Pension Fund, has agreed to terms of a settlement with the defendants, Novartis Vaccines and Diagnostics, Inc, and certain Chiron executives (Novartis acquired Chiron in 2006).

    The court must determine whether the proposed settlement is fair, and it is seeking your help in doing so. If the court approves the settlement and certifies the proposed class, all class

members who do not opt out of the class will be bound by the settlement terms and unable to seek other recourse against the defendants for the claims alleged in this lawsuit.

Please read the information below and the enclosed notice. If you have any comments about the proposed settlement, please email the court and the parties' counsel at chironlitigation@gilardi.com.   For your comments to be considered, please include your name, the purchase and sale dates of any Chiron stock you acquired between July 23, 2003 and October 5, 2004, and the number of shares you acquired or sold on each date.  This information will confirm that you are a member of the class.

ABOUT THE CASE

Chiron is a California-based pharmaceuticals company focused on developing products for cancer and infectious diseases.  One of its products is a flu vaccine marketed under the name Fluvirin.  Chiron manufactures Fluvirin in a plant near Liverpool, England.

The plaintiffs in this lawsuit allege that on July 23, 2003, Chiron issued a press release reporting strong growth in income and revenues for the second quarter of 2003. Plaintiffs allege that, following the press release, Chiron executives conducted a conference call with analysts favorably representing the Liverpool plant's ability to satisfy the US market for Fluvirin for the 2004-2005 flu season.

On August 26, 2004, Chiron announced that it would delay shipment of Fluvirin pending an investigation after internal testing identified a number of lots with sterility problems.  Chiron announced that the investigation would delay Fluvirin shipments until early October and would prevent the company from recognizing Fluvirin revenue in the third quarter of 2004.  The closing price of Chiron's common stock dropped from $47.49 per share on August 26, 2004 to $43.41 per share on August 27.

On October 5, 2004, Chiron announced that British pharmaceutical regulators had temporarily suspended the company's license to manufacture Fluvirin in the Liverpool plant, preventing the company from releasing any Fluvirin during the 2004-2005 flu season. Chiron's common stock price dropped from $45.42 per share on October 4, 2004 to $37.98 per share on

October 5.

Plaintiffs allege that Chiron and its executives misled investors by intentionally overstating their ability to manufacture Fluvirin. The lawsuit seeks money damages from the defendants for violations of federal securities laws. The lead plaintiff estimates the total losses incurred by purchasers of Chiron common stock between July 23, 2003 and October 5, 2004 to be $279.9 million. Defendants deny all liability and deny that there were any damages. The SEC and Congress also investigated the Fluvirin issue, and have taken no action to date.

The lead plaintiff and Novartis, which acquired Chiron, agreed to terms of a proposed settlement on March 29, 2007. This settlement was reached at an early stage in the litigation, before substantial formal discovery was conducted into the merits of plaintiffs' allegations. Lead Plaintiff's counsel conducted an investigation, which they advised the court included interviews of past and present employees and the review of documents from the U.S. Food and Drug Administration and the U.K's Medicine and Healthcare Products Regulatory Agency obtained through Freedom of Information Act requests. At the time of the settlement, Defendants' motions to dismiss were pending. Accordingly, the case could have been dismissed at the early stage, resulting in no recovery for the class. A copy of the proposed settlement agreement (Doc #100) and the proposed notice to potential class members (Doc #100-3) can be found, along with a complete record of this litigation, at www.chironlitigation.com.

On November 30, 2007, the court denied preliminary approval of that proposed settlement; the reasons for the denial are set forth in a written order (Doc #130) available at www.chironlitigation.com. The parties addressed and corrected some of the matters raised in the court's November 30, 2007 order in Lead Plaintiffs' Response to Order of April 14, 2008 re Modified Terms of Settlement and Class Notice (Doc #151), Response of Chiron Defendants to Court's Order Entered April 11, 2008 (Doc #152), and the Supplemental Declaration of Jack DiCanio filed May 21, 2008 (Doc. #162).

TERMS OF PROPOSED SETTLEMENT

The lead plaintiff and Novartis have submitted a settlement agreement and class notice to

1    the court. The class notice is enclosed, and the settlement agreement is available online as Doc
2    #100 at www.chironlitigation.com.

3         Under the proposed settlement, Novartis will pay $30 million plus interest from June 30,
4    2006. Of this amount, 17 percent ($5.1 million) will be paid to lead plaintiff's attorneys and
5    approximately $400,000.00 will go toward attorney expenses. Thus, approximately $24.5
6    million (excluding interest) will be distributed among class members who do not opt out of the
7    settlement. Lead plaintiff estimates that the proposed class includes approximately 36 million
8    shares of Chiron stock; therefore, the average recovery per share will be approximately $0.68.
9    The recovery per share could be higher if all eligible claims are not submitted.

10        The amount actually recovered for each share will depend on when the share was
11   purchased, when, if at all, it was sold, and the purchase and sale prices. The plan of allocation
12   under the proposed settlement is detailed in the enclosed class notice.

13        If 1.4 million or more shares opt out of the proposed settlement, Novartis will have the
14   right to elect to terminate the settlement.

15

16   <u>THE COURT'S CONCERNS</u>

17        Although the new proposed settlement and class notice address some of the court's
18   concerns regarding the first proposed settlement and notice, the court has several remaining
19   concerns:

20

21   <u>Quality of the Settlement</u>

22        The $30 million settlement represents 10.7 percent of the $279.9 in losses that lead
23   plaintiff estimates class members suffered during the class period. Lead plaintiff notes that the
24   provable damages in this case might be far less than $279.9 million because the declines in the
25   Chiron stock price following the August 26 and October 5, 2004 disclosures may not be fully
26   attributable to the alleged concealment by Chiron and its executives. It is also true that
27   continuing this litigation may result in no recovery at all.[1] Lead plaintiff argues that a settlement

---

[1]   See Defendants' motions to dismiss (Doc #57, 60).

28

1   of 10.7 percent of estimated damages compares very favorably to settlements in other securities

2   class actions, noting that in 2006, the median settlement in securities class actions was 2.2

3   percent of estimated losses. See Todd Foster, et al, "Recent Trends in Shareholder Class Action

4   Litigation: Filings Plummet, Settlements Soar," available at www.nera.com.

5       It is difficult for the court to say whether the lead plaintiff's favorable characterization of

6   the settlement is accurate. Another method of evaluating securities class action settlements

7   compares the amount of the settlement with the one-day drop in the defendant company's market

8   value at the end of the class period. The court estimates that Chiron's market value declined

9   $1.39 billion between October 4 and October 5, 2004. The proposed $30 million settlement

10  represents approximately 2.16 percent of Chiron's one-day market value decline; in 2006, the

11  median securities class action settlement was 3.5 percent of the market value drop in cases where

12  the one-day market value drop was over $500 million, although this statistic included five

13  unusually large settlements in which the market cap decline was in excess of $40 billion. See

14  Laura E Lyons & Ellen M Ryan, "Securities Class Action Settlements: 2006 Review and

15  Analysis," available at www.cornerstone.com. By this measure, the proposed settlement does not

16  compare favorably to the average securities class action settlement in 2006.[2]

17      The court does not suggest that the latter measure is a more accurate method for

18  evaluating the quality of the proposed settlement. The court merely offers this as an illustration

19  of another way of evaluating the proposed settlement by comparison to published statistics. The

20  court suggested appointing a neutral expert to evaluate the settlement, but the lead plaintiff

21  objected to the expert due to perceived conflicts. See Doc ##145, 146 and 147 at

22  www.chironlitigation.com. Consequently, class members are encouraged to make their own

23  evaluation.

---

[2]   The Private Securities Litigation Reform Act ("PSLRA") governing this action limits the
amount of damages awarded by providing that damages "shall not exceed the difference between
the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security
and the mean trading price of that security during the 90-day period beginning on the date on
which the information correcting the misstatement or omission that is the basis for the action is
disseminated to the market." Accordingly, lead plaintiff notes that the one day market value
drop was not available as a bargaining number in settlement.

<u>Attorney Fees</u>

The court is also concerned that lead plaintiff's attorney fee request may be unreasonably high. Lead plaintiff's counsel request 17 percent of the class recovery, or $5.1 million; this is a reduction from the $7.5 million requested in the first proposed settlement. Although courts often award attorney fees of 25 percent of the class recovery, it is appropriate to compare the fee request with the amount of work performed by lead plaintiff's attorneys. Lead plaintiff's attorneys spent 2017.5 hours working on this case before the submission to the court of the first proposed settlement. At hourly rates used by the court, lead plaintiff's counsel could bill $718,236.81 for this work. Thus, the requested award of $5.1 million is 7.1 times higher than what lead plaintiff's counsel might reasonably have received had they billed hourly rates for their work.

Lead plaintiff's counsel argues that the court's calculation of reasonable hourly rates is too low. See Doc #151, pages 4-7, at www.chironlitigation.com. Using "Updated" Laffey rates (available at www.laffeymatrix.com), lead plaintiff's counsel could bill approximately $993,969.27 for their work. The requested fees of $5.1 million using this measure would be approximately 5.13 times more than lead plaintiff's counsel would receive if they had billed their time at the Updated Laffey rate.  In addition, since the submission to the court of the proposed settlement, lead plaintiff's attorneys have incurred approximately 545.65 more hours on this case, for a total of approximately 2,562.90 hours as of the date this notice by the court, and could bill $1,317,362.16 for this work using the Updated Laffey rates.  These additional hours do not include the hours lead plaintiff's attorneys believe were spent in connection with their fee request.  Based on the additional hours put into this case by lead plaintiff's attorneys, the requested award of $5.1 million is approximately 3.87 times lead plaintiff's attorneys' billing rates.  Since the submission to the court of the proposed settlement, lead plaintiff's counsel moved certain items contained in the fee category into the expense category, as called for in the court's opinion regarding the first proposed settlement.  Additional expenses have also been incurred, for a total of $380,717.82 in total claimed expenses as of the date of this notice by the court.

1    Class counsel are entitled to receive a reasonable fee for any recovery they obtain for the

2    class. You should consider counsel's proposed fee request in deciding whether you wish to

3    accept or object to the settlement.

4    It is appropriate for lead plaintiff's attorneys – who represent lead plaintiffs on a

5    contingent basis – to receive some multiple of their hourly rate; this compensates them for the

6    risk of no compensation at all when they undertake litigation such as this. It also may be

7    appropriate to increase the multiplier further if the settlement achieved for the class is

8    particularly valuable or the work performed by lead plaintiff's counsel particularly difficult.

9    Plaintiff's counsel often receive either 25% of the amount recovered for the class, the benchmark

10   fee in this Circuit, or two to four times their reasonable hourly rates for work on securities class

11   action settlements. A fuller discussion of reasonable attorney fees by the court can be found at

12   Doc #130, pages 9-21, at www.chironlitigation.com.  Lead plaintiff's attorneys' views regarding

13   reasonable attorneys' fees can be found at Doc #102 and 103, also at www.chironlitigation.com.

14

15    Defendants' Counsel's Representation of Attorneys from Lead Plaintiff's Law Firm

16   It has come to the court's attention that Defendants' law firm in this litigation, Skadden,

17   Arps, Slate, Meagher & Flom LLP ("Skadden"), employs two attorneys who represented clients

18   in connection with a criminal investigation of employees of the law firm of Milberg, Weiss,

19   Bershad, Hynes & Lerach LLP ("Milberg Weiss") beginning in October 2003. The Milberg

20   Weiss attorneys represented by Skadden left the Milberg Weiss firm in May 2004, when the

21   Milberg Weiss firm split into Lerach, Coughlin, Stoia, Geller, Rudman, Robbins LLP ("Lerach

22   Coughlin") and what became Milberg LLP. The Milberg Weiss attorneys represented by

23   Skadden joined Lerach Coughlin; lead plaintiff is  represented by Milberg LLP. Defendants'

24   attorneys represent to the court that the two Skadden attorneys who represented the Milberg

25   Weiss employees joined Skadden in January 2006 and that they have not been involved in this

26   litigation in any way. They further represent that the Milberg Weiss employees who were

27   represented by Skadden did not participate in any way in this litigation.

28   While it does not appear to the court that there is evidence of misconduct between

Defendants' counsel and lead plaintiff's law firm or any other impropriety, the existence of the connection between lead plaintiff's law firm and Skadden may be relevant to your evaluation of the settlement. For a fuller discussion of this issue, including a declaration by the Skadden attorney involved, see Doc #130 at 29-35, Doc #152, Exh 2 and 3, and Doc #162, at www.chironlitigation.com.

HOW TO PROVIDE FEEDBACK

Before deciding whether to approve the proposed settlement, the court wishes to receive comments from potential class members. The court is particularly interested in your thoughts on whether the settlement itself is fair and whether the requested attorney fees are reasonable.

If you have any comments about the proposed settlement and/or wish to opt out of the settlement, please email the court at chironlitigation@gilardi.com. Please include your name, the purchase and sale dates of any Chiron stock you acquired between July 23, 2003 and October 5, 2004, and the number of shares you acquired. COMMENTS WILL BE ACCEPTED UNTIL FORTY-FIVE DAYS AFTER THE DATE OF THIS MAILING.

WHAT HAPPENS NEXT

After reviewing the comments and opt outs it receives, the court will decide whether to approve the proposed settlement. Along with this notice, you are receiving a claim form and instructions on its submission. You must submit a claim form to receive any recovery from this settlement. If the court approves the settlement and you did not opt out, you are bound by the settlement and may not bring your own action. If the settlement is not satisfactory to you, you may opt out of the settlement. In that event, you will receive nothing from this settlement but may bring your own action to obtain a recovery.

If the court does not approve the settlement, the litigation will continue, but it could later be dismissed by the court or the lead plaintiff and class counsel may decide to abandon it, in which case class members would receive nothing unless they brought their own lawsuits or a new class action were filed. A jury could also decide the case in favor of the Defendants.

1   Furthermore, if class members holding more than 1.4 million shares opt out of the settlement,

2   Novartis may withdraw from the settlement.

2

# NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT THEROF, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

This Notice relates to the action captioned *In re Chiron Corporation Securities Litigation*, pending before the Honorable Vaughn R. Walker in the United States District Court for the Northern District of California, San Francisco Division, as Case No. C-04-4293-VRW.

**If you purchased or otherwise acquired shares of common stock of Chiron Corporation, now known as Novartis Vaccines and Diagnostics, Inc. ("Chiron"), during the period from July 23, 2003 through October 5, 2004, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a thirty million dollar ($30,000,000) plus interest settlement for the benefit of investors who purchased or otherwise acquired shares of Chiron common stock between July 23, 2003, and October 5, 2004, inclusive.

- The settlement resolves a lawsuit over whether Chiron made allegedly false and misleading statements about the company's production of the Fluvirin flu vaccine, which allegedly maintained Chiron's stock price at an artificially inflated level throughout the Class Period.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2008** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY _____, 2008** | Get no payment. This is the only option that allows you to ever be part of any lawsuit against Chiron and the other Released Parties about the Released Claims. |
| **OBJECT BY _____, 2008** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON _____, 2008** | Ask to speak in Court about the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

## **SUMMARY NOTICE**

Statement of Plaintiff Class Recovery

Pursuant to the settlement described herein, Chiron has agreed to pay, for the benefit of the Class, thirty million dollars ($30,000,000) in cash, plus an amount equal to interest at the 30-day T-Bill rate from June 6, 2006 (the "Payment Amount"), with payment to be made upon the Effective Date of the settlement (see response to question 12 below).  Lead Plaintiff estimates that there were approximately 36 million shares of Chiron common stock traded during the Class Period which may have been damaged.  Lead Plaintiff estimates that the average recovery per damaged share of Chiron common stock under the settlement is $0.83 per damaged share[1] before deduction of Court-awarded attorneys' fees and expenses.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit valid and timely Proofs of Claim and Releases.  Depending on the number of claims submitted, when during the Class Period a Class Member purchased shares of Chiron common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount.  *See* the Plan of Allocation beginning on page [___] for more information on your Recognized Claim.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to have prevailed on each claim alleged.  The issues on which the parties disagree include, among others: (a) whether the statements made by Chiron, at the times they were made, were materially false or misleading; (b) whether, even if the statements were materially false or misleading, Defendants knew or were deliberately reckless in disregarding that the statements were false or misleading; (c) whether the statements made were forward-looking statements immune from liability; (d) the appropriate economic model for determining the amount by which Chiron's common stock was allegedly artificially inflated (if at all) during the Class Period; (e) the amount by which Chiron's common stock was allegedly artificially inflated (if at all) during the Class Period; (f) the effect of various market forces influencing the trading price of Chiron's common stock at various times during the Class Period; (g) the extent to which external factors, such as general market and industry conditions, influenced the trading price of Chiron's common stock at various times during the Class Period; (h) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Chiron's common stock at

---

[1]       An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

various times during the Class Period; (i) the extent to which the various allegedly adverse material facts that Plaintiff alleged were omitted influenced (if at all) the trading price of Chiron's common stock at various times during the Class Period; and (j) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws. The Defendants deny that they are liable to the Lead Plaintiff or the Class and deny that Lead Plaintiff or the Class has suffered any damages.

History Of The Case

On June 29, 2006, Defendants filed motions to dismiss this case.  Lead Plaintiff opposed the motions.  The Court subsequently held a hearing on the motions and requested further briefing from the parties.  The Court then took the motions under submission.  On March 29, 2007, while Defendants' motions to dismiss were pending, the parties agreed to the terms of this proposed settlement.

On November 30, 2007, the Court denied preliminary approval of the proposed settlement. Thereafter, the parties submitted further information addressing and clarifying the matters raised in the Court's November 30, 2007 order, and revised certain terms of the proposed settlement. On May 28, 2008, the Court entered an order permitting the parties to submit revised settlement documents.  In addition, the Court has issued its own notice regarding the settlement.

If this settlement is not approved by the Court or is otherwise terminated, Defendants intend to pursue their pending motions to dismiss.  If the Court were to grant the motions, the Court could dismiss the Complaint with prejudice.  Any dismissal would be subject to appeal.  If the Lead Plaintiff opted not to appeal or the order of dismissal were to be affirmed, the case would be over.

Chiron is represented in this action by Wachtell, Lipton, Rosen & Katz, LLP.  Chiron and the individual defendants also are represented by Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden").  Lead Plaintiff is represented by Milberg LLP.  In the past, Skadden represented one former partner and certain former employees of Milberg LLP.  But those individuals withdrew from Milberg LLP and joined another law firm before this action was filed.

Copies of the motion to dismiss papers, the Court's November 30, 2007 and May 28, 2008 orders, and the parties' submissions addressing the matters raised in the November 30, 2007 order can be found, along with a complete record of this case, at www.chironlitigation.com.

Statement of Attorneys' Fees and Costs Sought

Lead Plaintiff's Counsel are moving the Court to award attorneys' fees not to exceed seventeen (17%) percent of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $400,000.  If the requested fees and expenses are approved by the court, it would amount to an average of 15.3¢ per damaged share in total for fees and expenses.  Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Action on a contingent fee basis, and have advanced the expenses of the Action, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is

customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

Further Information

Further information regarding the Action and this Notice may be obtained by contacting Lead Plaintiff's Counsel: Jeff S. Westerman, Esq., Milberg LLP, 300 South Grand Avenue, Suite 3900, Los Angeles, CA 90071, Telephone (213) 617-1200.

Reasons for the Settlement

For Lead Plaintiff, the principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

Throughout the course of this litigation, Lead Plaintiff, an institutional investor, monitored key developments and events and oversaw the work performed by class counsel, including reviewing drafts of documents and communicating regularly with class counsel regarding the litigation. Lead Plaintiff also directly participated in the settlement negotiations. Based on its knowledge of the arguments raised by both parties and direct participation in the settlement, Lead Plaintiff believes the settlement is fair and reasonable.

For the Defendants, who deny all allegations of wrongdoing and any liability whatsoever and contend that they have acted properly under the circumstances, the principal reason for the settlement is to avoid the substantial expense, inconvenience and distraction of continued defense of the Action.

**[END OF COVER PAGE]**

| | |
|---|---|
| **WHAT THIS NOTICE CONTAINS** | |

**Table of Contents**

Page

SUMMARY NOTICE ....................................................................................................2

    Statement of Plaintiff Class Recovery ...........................................................2

    Statement of Potential Outcome of Case ......................................................2

    History of the Case …………………………………………………….........2

    Statement of Attorneys' Fees and Costs Sought............................................3

    Further Information........................................................................................4

    Reasons for the Settlement............................................................................4

BASIC INFORMATION ...............................................................................................7

    1.    Why did I get this notice package?.................................................7

    2.    What is this lawsuit about? .............................................................8

    3.    Why is this a class action? .............................................................8

    4.    Why is there a settlement?..............................................................9

WHO IS IN THE SETTLEMENT...................................................................................9

    5.    How do I know if I am part of the settlement?................................9

    6.    Are there exceptions to being included?.........................................9

    7.    What if I am still not sure if I am included? .................................10

THE SETTLEMENT BENEFITS — WHAT YOU GET .............................................10

    8.    What does the settlement provide? ...............................................10

    9.    How much will my payment be?....................................................10

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM AND RELEASE FORM.....................................................................................................10

10. How can I get a payment?.................................................................10

11. When would I get my payment?.........................................................11

12. What am I giving up to get a payment or stay in the Class?.......................11

EXCLUDING YOURSELF FROM THE SETTLEMENT....................................................13

13. How do I get out of the proposed settlement? ...........................................13

14. If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? ...................................................13

15. If I exclude myself, can I get money from the proposed settlement?.........14

THE LAWYERS REPRESENTING YOU .................................................................14

16. Do I have a lawyer in this case?.................................................................14

17. How will the lawyers be paid?...................................................................14

OBJECTING TO THE SETTLEMENT....................................................................15

18. How do I tell the Court that I do not like the proposed settlement, the Plan of Allocation or the attorneys' fees and expenses?......................15

19. What is the difference between objecting and excluding?.........................16

THE COURT'S SETTLEMENT FAIRNESS HEARING .............................................16

20. When and where will the Court decide whether to approve the proposed settlement?.....................................................................................16

21. Do I have to come to the hearing? .............................................................17

22. May I speak at the hearing? .......................................................................17

IF YOU DO NOTHING ......................................................................................17

23. What happens if I do nothing at all?..........................................................17

GETTING MORE INFORMATION........................................................................18

24. Are there more details about the proposed settlement? .............................18

25. How do I get more information?................................................................18

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS .................................................................................................18

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES........................21

## BASIC INFORMATION

| 1. Why did I get this notice package? |
| --- |

You or someone in your family may have purchased or otherwise acquired shares of Chiron common stock between July 23, 2003, and October 5, 2004, inclusive.

The Court[2] directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, San Francisco Division, and the case is known as Richard Gregory, on behalf of himself and all others similarly situated, v. Chiron Corporation, Howard H. Pien, John A. Lambert, and David V. Smith, Case No. C-04-4293-VRW. This case was assigned to United States District Judge Vaughn R. Walker.

The International Union of Operating Engineers Local No. 825 Pension Fund is the Lead Plaintiff and Chiron, Howard H. Pien, John A. Lambert, and David V. Smith are the Defendants.

The International Union of Operating Engineers Local No. 825 Pension Fund is currently also serving as a lead plaintiff in two other class actions: *In re Diebold Sec. Litig.,* No. 05-2875 (N.D. Ohio), a federal securities class action, and *Operating Engineers Local 825 Pension Fund v. Aeroflex, Inc.,* No. 07-004181 (Sup. Ct. Nassau County,), a state action brought in connection with a corporate buyout transaction. Milberg LLP, the Lead Plaintiff's Counsel in this litigation, is also its counsel in those two actions. While this action was pending, Lead Plaintiff was also a plaintiff in *In re Freescale Semiconductor, Inc. Shareholder Lawsuit,* No. D-1-GN-06-003501 (Travis County, Texas), where Milberg LLP was one of the co-lead counsel. That case was resolved on June 25, 2007, when the court granted final approval of settlement.

--------

- [2] Unless otherwise defined, all capitalized terms used herein shall have the same meaning ascribed to them in the Stipulation and Agreement of Settlement, a copy of which you may obtain by visiting the website *www.chironlitigation.com* or writing to the lawyers listed in question 24 of this notice.

| 2. | What is this lawsuit about? |
|----|----------------------------|

Chiron is an Emeryville, California-based global pharmaceuticals company focused on developing products for cancer and infectious diseases. Chiron commercializes its products through three business units: blood testing, vaccines and biopharmaceuticals. Chiron's vaccine unit produces more than 30 types of vaccines, including a flu vaccine marketed under the name Fluvirin. Chiron manufactures Fluvirin in a plant near Liverpool, England.

The Class Period commences on July 23, 2003. The Complaint alleges that on that date, Chiron issued a press release reporting strong growth in pro-forma income and revenues for the second quarter of 2003. The Complaint further alleges that following the issuance of this press release, Pien, Smith and other Chiron executives conducted a conference call with analysts favorably representing the Liverpool Plant's capabilities and its ability to satisfy the U.S. market for Fluvirin for the 2004-2005 flu season.

On August 26, 2004, Chiron announced that it would delay shipment of Fluvirin pending additional testing, after internal tests identified a small number of lots with sterility problems. Chiron announced that the additional testing would delay the Fluvirin shipment until early October and would prevent the company from recognizing revenue from Fluvirin in the third quarter of 2004. Following the company's August 26, 2004 announcement, Chiron's stock price declined from $47.49 per share on August 26, 2004 to $43.41 per share on August 27, 2004.

On October 5, 2004, Chiron announced that the UK regulatory body, the Medicines and Healthcare Products Regulatory Agency (MHRA), had that day temporarily suspended the company's license to manufacture Fluvirin in its Liverpool facility, preventing the company from releasing any of the product during the 2004-2005 influenza season. Following that announcement, the price of Chiron common stock dropped from a closing price of $45.42 per share on October 4, 2004, to a closing price of $37.98 per share on October 5, 2004.

The lawsuit claims that Chiron and the Individual Defendants allegedly misled investors by intentionally overstating their ability to manufacture Fluvirin and the company's expected revenues and earnings. The lawsuit seeks money damages from the Defendants for violations of the federal securities laws.

The Defendants deny all allegations of misconduct contained in the Complaint, and deny having engaged in any wrongdoing whatsoever.

| 3. | Why is this a class action? |
|----|----------------------------|

In a class action, one or more people called class representatives sue on behalf of people who have similar claims. (In this case, Lead Plaintiff International Union of Operating Engineers Local No. 825 Pension Fund is the Class Representative.) All of the people on whose behalf a class action is brought are called a class or class members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be

economically too small to bring in individual actions.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a settlement? |
|---|---|

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the risks and cost of a trial, and the people allegedly affected will get compensation.  The Lead Plaintiff, as the Class Representative, and its attorneys think the settlement is best for all Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court directed, for the purposes of the proposed settlement, that everyone who fits this description is a Class Member: ***all persons who purchased or otherwise acquired the common stock of Chiron Corporation (now known as Novartis Vaccines and Diagnostics, Inc.) during the period from July 23, 2003 through October 5, 2004***.

| 6. | Are there exceptions to being included? |
|---|---|

Excluded from the Class are the Individual Defendants, their heirs, affiliates, successors and assigns, and the current or former officers and directors of Chiron.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

If one of your mutual funds purchased shares of Chiron stock during the Class Period, that does not make you a Class Member.  You are a Class Member only if you directly purchased or otherwise acquired shares of Chiron stock during the Class Period.  Check your investment records or contact your broker to see if you purchased or otherwise acquired Chiron stock during the Class Period.

If you **held or sold** Chiron stock during the Class Period, that does not make you a Class Member.  You are a Class Member only if you **purchased or otherwise acquired** your Chiron shares during the Class Period.

9

---

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-447-7657 or visit *www.gilardi.com* for more information. Or you can fill out and return the Proof of Claim and Release form described on page [___], in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What does the settlement provide? |
|---|---|

In exchange for the settlement and dismissal of the Action, Chiron has agreed to pay thirty million dollars ($30,000,000) plus interest to be divided, after fees and expenses, among all Class Members who send in a valid Proof of Claim and Release form.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim and Release forms that Class Members send in, how many shares of Chiron stock you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

You can calculate your "Recognized Claim" in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim and Release forms, the payment you get will be a portion of the Net Settlement Fund equal to your Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims. *See* the Plan of Allocation beginning on page [___] for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM AND RELEASE FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must send in a Proof of Claim and Release form. A Proof of Claim and Release form is being circulated with this Notice. You may also get a Proof of Claim and Release form on the Internet at *www.gilardi.com*. Read the instructions carefully, fill out the Proof of Claim and Release form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2008**.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a hearing on _____, **2008**, to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is uncertain when these appeals would be resolved. Resolving them could take perhaps more than a year. It also takes time for all the Proofs of Claim and Releases to be processed. Please be patient.

| 12. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Released Claims" (as defined below) against the "Released Parties" (as defined below).

"Released Claims" means any and all claims, causes of action, demands, rights, or liabilities (including but not limited to claims for violation of the federal securities laws, negligence, gross negligence, professional negligence, breach of duty of care and/or breach of duty of loyalty and/or breach of the duty of candor, fraud, breach of fiduciary duty, mismanagement, corporate waste, malpractice, breach of contract, negligent misrepresentation, violations of any state statutes including, without limitation, the California Corporations Code and California Business & Professions Code and its Delaware equivalent, or federal statutes, rules or regulations, and any "Unknown Claims" as defined below) that have been or that could have been asserted in this or any other forum by or on behalf of Lead Plaintiff, the Settlement Class or any Settlement Class Member based on, arising out of, in connection with, or related in any way to their purchase or other acquisition, holding or sale or other disposition of Chiron's common stock during the Settlement Class Period. By way of illustration, not limitation, Released Claims shall include claims, causes of action, demands, rights, or liabilities based on, arising out of, in connection with, or relating in any way to:

(a) any of the facts, circumstances, allegations, representations, statements, reports, disclosures, transactions, events, occurrences, acts, omissions or failures to act, of whatever kind or character, irrespective of the state of mind of the actor performing or omitting to perform the same, that have been or could have been alleged in any pleading, amended pleading, argument, complaint, amended complaint, brief, motion, report, discovery response or filing in the Action;

(b) any matter, cause or thing whatsoever, including, but not limited to, any action, omission or failure to act of whatever kind or character, irrespective of the state of mind of the actor performing or omitting to perform the same, arising out of or relating to the adequacy, accuracy or completeness of any disclosure or statement made in any filings, proxy statements, prospectus, reports, press releases, statements, representations, analyst reports or announcements concerning Chiron's operations, services, products, financial condition or prospects or in any filing with the Securities and Exchange Commission or any other federal or state governmental agency or regulatory board (collectively referred to as "public statements"), or in the preparation or dissemination of, or failure to disseminate, any such public statements, at any time during or concerning July 23, 2003, through and including October 5, 2004; or

11

(c)     any of the facts, circumstances, representations, statements, reports, disclosures, transactions, events, occurrences, acts or omissions of whatever kind or character, regardless of the state of mind of the actor performing or omitting to perform the same, encompassed by subparagraph (a) and (b), above, that have been or that could have been alleged, or made the subject of any claim or action in state court or otherwise under the law of any state, common law or in equity, in any pleading, amended pleading, demand, complaint, amended complaint, motion, discovery response or filing.

"Unknown Claims" means any Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, upon the Effective Date, Lead Plaintiff shall expressly and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff shall expressly and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable and equivalent to California Civil Code §1542.  Lead Plaintiff and the other Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each other Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released any all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and the other Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

"Released Parties" means any and all of the all Defendants, Novartis AG, Novartis Corporation, Novartis Biotech Partnership, Inc., and their past, present and future parent entities, affiliates, subsidiaries, predecessors, successors and assigns, immediate and remote, and each of their past, present and future officers, directors, attorneys, auditors, accountants, advisors, consultants, insurers, employees, associates, stockholders, controlling persons, representatives, underwriters

and other agents, including their agents, assigns, spouses, heirs, executors, trustees, general and limited partners and partnerships, personal representatives, estates and administrators.

The "Effective Date" will occur when an order entered by the Court approving the settlement becomes "Final,"  i.e., when the order is finally affirmed on appeal or is no longer subject to appeal or review, and the time for any petition for reargument, appeal or review has expired..

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep any right you may have against Defendants and the other Released Parties about the Released Claims, then you must take steps to get out.  This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement Class.  Defendants may withdraw from and terminate the settlement if putative Class Members who purchased or otherwise acquired in excess of 1.4 million or more shares of Chiron common stock during the Class Period and held those shares at the close of trading on October 4, 2004 exclude themselves from the Class.

| 13. | How do I get out of the proposed settlement? |
|-----|----------------------------------------------|

To exclude yourself from the settlement Class, you must send a signed letter by mail clearly indicating your name, address and telephone number, stating that you "request exclusion from the Class in the In re Chiron Corporation Securities Litigation"  Your letter should state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of Chiron Corporation stock during the Class Period.  You must mail your exclusion request postmarked no later than _____, 2008 to:

Chiron Securities Litigation Exclusions
c/o Gilardi & Co. LLC, Claims Administrator
P.O. Box  8040
San Rafael, CA 94912-8040

It is strongly recommended that you send the letter by certified mail and you retain your receipt. You cannot exclude yourself by telephone.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Defendants and the other Released Parties in the future.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? |
|-----|----------------------------------------------|

No.  Unless you exclude yourself, you give up any rights to sue Chiron, the Individual Defendants and any and all other Released Parties, in this Action or any other action, for any and

all Released Claims.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the deadline to request exclusion is _____, **2008**.

| 15.    If I exclude myself, can I get money from the proposed settlement? |
| --- |

No.  If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money.  But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Chiron, the Individual Defendants and the other Released Parties.

### THE LAWYERS REPRESENTING YOU

| 16.    Do I have a lawyer in this case? |
| --- |

The Court ordered that the law firm of Milberg LLP will represent all Class Members.  These lawyers are called Lead Plaintiff's Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Plaintiff's Counsel's fees and expenses, which will be paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

Milberg LLP was formerly known as Milberg Weiss Bershad & Schulman LLP.  On May 18, 2006 in the United States District Court for the Central District of California (Los Angeles), Milberg Weiss Bershad & Schulman LLP and two of its partners, David J. Bershad and Steven G. Schulman, and others, were named as defendants in an indictment.  On September 20, 2007 a superseding indictment was filed which added Melvyn I. Weiss as a named defendant.  The indictments alleged that, in certain cases identified in the indictments, portions of attorneys' fees awarded to the firm were improperly shared with certain plaintiffs.  Milberg LLP has pleaded not guilty.  The three partners named in the indictments have left the firm and have pleaded guilty to a charge of conspiracy.  The indictments do not refer to this action, and make no allegations of any impropriety in the conduct of this action.

| 17.    How will the lawyers be paid? |
| --- |

Lead Plaintiff's Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount not to exceed seventeen (17%) percent of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $400,000, plus interest on such expenses at the same rate as earned by the Gross Settlement Fund.

Lead Plaintiff believes an award of attorneys' fees in an amount of seventeen (17%) percent is fair and reasonable, especially considering that twenty-five percent is the benchmark attorneys fees for class actions in the Circuit in which this litigation was filed.

The Court issued an opinion dated November 30, 2007 in which it stated that it was unlikely to approve a fee as high as 25% of the recovery in this case and that the Court would only likely approve a fee of not more than four times the lodestar.

Lead Plaintiff's Counsel, without further notice to the Class, will subsequently apply to the Court for payment of the Claims Administrator's fees and expenses incurred in connection with administering the settlement and distributing the settlement proceeds to the Class Members.  The costs of Notice of the Settlement are being paid by Chiron in addition to the thirty million dollars ($30,000,000) plus interest Payment Amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 18.     How do I tell the Court that I do not like the proposed settlement, the Plan of Allocation or the attorneys' fees and expenses? |
| --- |

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Lead Plaintiff's Counsel for an award of fees and expenses.  You may write to the Court setting out your objection.  You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements.  The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a writing  (by mail or e-mail) stating that you object to the proposed settlement in the Chiron Securities Litigation.  Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Chiron common stock you made during the Class Period, and state the reasons why you object to the Settlement.  Your objection must be made on or before _____, 2008. You may submit your comments or objections either (i) by email to the court in care of the following e-mail address:  chironlitigation@gilardi.com, or (ii) by US Mail addressed to the Court, with copies to counsel, at the addresses shown below:

| COURT | PLAINTIFF'S LEAD COUNSEL | DEFENDANTS' COUNSEL |
| --- | --- | --- |
| Clerk of the Court United States District Court Northern District of California San Francisco Division 450 Golden Gate Avenue San Francisco, CA  94102 | Jeff S. Westerman, Esq. Milberg LLP One California Plaza 300 S. Grand Ave. Suite 3900 Los Angeles, CA  90071 | Amy S. Park, Esq. Skadden, Arps, Slate, Meagher & Flom LLP 525 University Avenue Suite 1100 Palo Alto, CA 94301 |

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court.  At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the

procedures set out in this question 18 and question 22 below for filing with the Court and providing to the counsel for Lead Plaintiff and Defendants a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the settlement, the Plan of Allocation or Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Fairness Hearing.

| 19. What is the difference between objecting and excluding? |
| --- |

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

| 20. When and where will the Court decide whether to approve the settlement? |
| --- |

The Court will hold a **Settlement Fairness Hearing at \_\_\_:\_\_\_\_\_ \_\_.m. on \_\_\_\_day, _____, 2008**, in the Courtroom of the Honorable Vaughn R. Walker, at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate and in the best interests of the Class. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the settlement and the application of Lead Plaintiff's Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 18. The Court also may listen to Class Members who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 22 for more information about speaking at the hearing. The Court may also decide the amount of attorneys' fees that may be awarded to Lead Plaintiff's Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

Although, at the Settlement Fairness Hearing, the Court will consider the Plan of Allocation and Lead Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses, neither the Plan of Allocation nor the application an award of attorneys' fees and reimbursement of expenses is a necessary term of or a condition of the settlement. Any order or proceedings relating to the Plan of Allocation or Lead Plaintiff's Counsel's application for an

award of attorneys' fees and reimbursement of expenses will not affect the settlement or the release of claims.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing.  Thus, if you want to come to the hearing, you should check with Lead Plaintiff's Counsel before coming to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No.  Lead Plaintiff's Counsel will answer questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you filed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object to the settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing.  To do so, you must include with your objection (see question 18 above) a statement stating that it is your "Notice of Intention to Appear in In re Chiron Securities Litigation, Case No. C-04-4293-VRW."  Class Members who intend to object to the settlement, the Plan of Allocation, and/or Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 18 and 20 above.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Parties about the Released Claims in this case, ever again.  To share in the Net Settlement Fund you must submit a Proof of Claim and Release form (see question 10).  To start, continue or be a part of any other lawsuit against Defendants and the other Released Parties about the Released Claims in this case you must exclude yourself from this Class (see question 13).

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed settlement? |
|-----|-------------------------------------------------------|

This notice summarizes the proposed settlement.  More details are in a Stipulation and Agreement of Settlement dated as of March 29, 2007 (the "Stipulation").  You can get a copy of the Stipulation, or other case documents including a statement by Judge Walker regarding this Settlement approval process by writing to Jeff S. Westerman, Esq., Milberg LLP, 300 South Grand Avenue, Suite 3900, Los Angeles, CA 90071, or by visiting ***www.chironlitigation.com***.

You also can call the Claims Administrator at 1-800-447-7657 toll free; write to Chiron Securities Litigation Settlement, P.O. Box  8040, San Rafael, CA 94912-8040; or visit the website at ***www.gilardi.com***, where you will find answers to common questions about the settlement, a Proof of Claim and Release form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| 25. | How do I get more information? |
|-----|-------------------------------|

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the orders entered by the Court and to the other papers filed in the Action, which are available at www.chironlitigation.com, or may be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA  94102, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The thirty million dollars ($30,000,000) Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proofs of Claim and Releases ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects Lead Plaintiff's allegations that the decreases in the price of Chiron common stock that occurred following the announcements made by Chiron on August 26, 2004 and October 5, 2004 reflected the elimination of the alleged artificial inflation that Lead Plaintiff claims Defendants' alleged misrepresentations may have caused.

Following Chiron's announcement on August 26, 2004, Chiron's stock price dropped from $47.49 per share on August 26, 2004, to $43.41 per share on August 27, 2004, a $4.08 drop. Following Chiron's announcement on October 4, 2004, the price of Chiron common stock dropped, from a closing price of $45.42 per share on October 4, 2004, to a closing price of $37.98 per share on October 5, 2004, a $7.44 drop.  The $9.51 total of these drops (from $47.49 per share on August 26, 2004 to $37.98 per share on October 5, 2004), is the maximum loss that will be recognized for purposes of the settlement.  On October 6, 2004, Chiron common stock traded at prices above $37.98 per share and closed at $38.32.  The two day mean trading price for Chiron common stock on October 5 and 6, 2004 was $38.15.  Thereafter, during the 90 days following October 5, 2004 the price of Chiron common stock was below $37.98 per share.

"Recognized Claims" will be calculated for purposes of the Settlement as follows:

(a)     For shares of Chiron common stock purchased during the period July 23, 2003 through and including August 26, 2004, and

(1)     Sold on or before August 26, 2004, an Authorized Claimant shall have no ($0.00) "Recognized Claim";

(2)     Sold at a loss during the period August 27, 2004 through and including October 4, 2004 an Authorized Claimant's "Recognized Claim" shall mean **the lesser of: (a)** $4.08 per share, **or (b)** the purchase price paid (including commissions, etc.) (the "PPP") less the sales proceeds received (net of commissions, etc.) (the "SPR");

(3)     Sold at a loss on October 5, 2004 an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $9.51 per share, or (b) the PPP less the SPR.

(4)     Sold at a loss on October 6, 2004 an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $9.34 per share, or (b) the PPP less the SPR.

(5)     Held as of the close of trading on October 6, 2004 an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $9.51 per share, or (b) the PPP less $37.98 per share.

(b)     For shares of Chiron common stock purchased during the period August 27, 2004 through and including October 4, 2004, and

(1)     Sold on or before October 4, 2004 an Authorized Claimant shall have no ($0.00) "Recognized Claim";

(2)     Sold at a loss on October 5, 2004 an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $7.44 per share, or (b) the PPP less the SPR.

(3)      Sold at a loss on October 6, 2004 an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $7.27 per share, or (b) the PPP less the SPR.

(4)      Held as of the close of trading on October 6, 2004 an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $7.44 per share, or (b) the PPP less $37.98 per share.

In the event a Class Member has more than one purchase, acquisition, or sale of Chiron common stock, all purchases, acquisitions, and sales shall be matched on a First In First Out ("FIFO") basis. Class Period sales will be matched first against any Chiron shares held at the beginning of the Class Period and then against purchases or acquisitions in chronological order. A purchase, acquisition, or sale of Chiron common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Chiron common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Chiron common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument of gift or assignment.

To the extent a Claimant had a gain from his, her or its overall transactions in Chiron common stock during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in Chiron common stock during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in Chiron common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount paid for all Chiron common stock purchased/acquired during the Class Period by the claimant (the "Total Purchase Amount"); (ii) match any sales of Chiron common stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining shares of Chiron common stock sold during the Class Period (the "Sales Proceeds"); and (iv) ascribe a $37.98 per share holding value for the number of shares of Chiron common stock purchased or acquired during the Class Period and still held at the close of trading on October 6, 2004 ("Holding Value"). The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in Chiron common stock during the Class Period.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not submit valid and timely Proofs of Claim and Releases will not share in the settlement proceeds. Class Members who do not either submit a valid and timely signed request for exclusion or submit a valid and timely Proof of Claim and Release will nevertheless

be bound by the settlement and the Final Order and Judgment of the Court or any Alternative Judgment dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to the Legal Aid Society of San Mateo County, California.

Lead Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Gross Settlement Fund or any losses incurred in connection therewith.

Defendants bear no responsibility for and take no position on the Plan of Allocation set forth above or any of its premises. Among other things, Defendants have denied and continue to deny that the price of any Chiron security was artificially inflated at any time by any wrongdoing on the part of any of the Defendants.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired common stock of Chiron Corporation, now known as Novartis Vaccines and Diagnostics, Inc. ("Chiron") during the period from July 23, 2003, and October 5, 2004, inclusive for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired Chiron common stock during such time period or (b) request additional copies of this Notice, the accompanying Notice of Proposed Settlement by Judge Walker, and the Proof of Claim and Release form, which will be provided to you free of charge, and within seven (7) days mail the Notice, Notice of Proposed Settlement by Judge Walker, and Proof of Claim and Release forms directly to the beneficial owners of such Chiron common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from Chiron of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

In re Chiron Securities Litigation
c/o Gilardi & CO. LLC, Claims Administrator
P.O. Box  8040
San Rafael, CA 94912-8040
(800) 447 - 7657


Dated:        San Francisco, CA
              _____, 2008


                              By Order of the Court
                              CLERK OF THE COURT

3

This Proof of Claim and Release relates to the action captioned *In re Chiron Corporation Securities Litigation*, pending before the Honorable Vaughn R. Walker in the United States District Court for the Northern District of California, San Francisco Division, as Case No. C-04-4293-VRW.

## PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: _____, 2008.

IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF CHIRON CORPORATION, NOW KNOWN AS NOVARTIS VACCINES AND DIAGNOSTICS, INC. ("CHIRON"), DURING THE PERIOD FROM July 23, 2003 THROUGH October 5, 2004 ("CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Excluded from the Settlement Class shall be the Individual Defendants, their heirs, affiliates, successors and assigns, and the current or former officers and directors of Chiron. Also excluded are members of the Settlement Class who submit a timely, valid and proper signed request for exclusion.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE AND MAIL IT BY FIRST CLASS MAIL, POSTAGE PRE-PAID, POSTMARKED NO LATER THAN _____, 2008 TO THE FOLLOWING ADDRESS:

In re Chiron Securities Litigation
c/o Gilardi & Co. LLC, Claims Administrator
Post Office Box 8040
San Rafael, CA 94912-8040

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2008 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

CLAIMANT'S STATEMENT

1.      I affirm that I purchased or otherwise acquired the common stock of Chiron

between July 23, 2003 and October 5, 2004, inclusive.  (Do not submit this Proof of Claim and

Release if you did not purchase or otherwise acquire common stock during this period).

2.      By submitting this Proof of Claim and Release, I state that I believe in good faith

that I am a Class Member as defined above and in the Notice of Pendency of Class Action,

Proposed Settlement Thereof, Motion for Attorneys' Fees and Settlement Fairness Hearing (the

"Notice"), or am acting for such person; that I am (and any person for whom I am acting, is) not

a Defendant in the Action or anyone else excluded from the Class; that I have read and

understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement

Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I

have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of

a Class Member (e.g., as an executor, administrator, trustee, or other representative), you must

submit evidence of your current authority to act on behalf of that Class Member.  Such evidence

would include, for example, letters testamentary, letters of administration, or a copy of the trust

documents.)

3.      I consent to the jurisdiction of the Court with respect to all questions concerning

the validity of this Proof of Claim and Release.  I understand and agree that my claim may be

subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that

such investigation and discovery shall be limited to my status as a Class Member and the validity

and amount of my claim.  No discovery shall be allowed on the merits of the Action or

Settlement in connection with processing of the Proofs of Claim and Releases.

4.     I have set forth where requested below all relevant information with respect to each purchase or other acquisition of Chiron common stock during the Class Period, and each sale, if any, of such securities.  I agree to furnish additional information (including transactions in other Chiron securities) to the Claims Administrator to support this claim if requested to do so.

5.     I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of Chiron common stock listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.     I understand that the information contained in this Proof of Claim and Release is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.  In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.     I hereby acknowledge that, as a Class Member, I (or the person or entity for whom I am executing this Proof of Claim) will be bound by the terms of the Stipulation and Agreement of Settlement and Final Order and Judgment in this action and, to the full extent set

forth therein, upon the Effective Date will have granted a full and complete release, remise and

discharge by me, in my individual capacity and my capacity as a purchaser, holder or seller of

Chiron common stock, on behalf of myself and my heirs, agents, representatives, executors,

administrators, predecessors, successors, assigns and transferees, immediate and remote (or, if I

am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more

other persons, by it, him, her or them, and by its, his, her or their heirs, agents, representatives,

executors, administrators, predecessors, successors, assigns and transferees, immediate and

remote), of each of the "Released Parties" of all "Released Claims," which include, among

others, all "Unknown Claims" and all claims arising out of, relating to or in connection with the

institution, prosecution, assertion, defense, settlement or resolution of the "Action," as such

quoted terms are defined in the Notice. I understand that I will be permanently barred and

enjoined from directly, indirectly or derivatively instituting, commencing or prosecuting any and

all Released Claims and that, with respect to any and all Released Claims, upon the Effective

Date, I shall be deemed to have, and by operation of the Final Order and Judgment shall have,

expressly waived, the provisions, rights and benefits of California Civil Code §1542, which

provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

I understand that I shall be deemed to have, and by operation of the Final Order and Judgment

shall have, expressly waived any and all provisions, rights and benefits conferred by any law of

any state or territory of the United States, or principle of common law, which is similar,

comparable and equivalent to California Civil Code §1542. I also understand that I may

hereafter discover facts in addition to or different from those which I now know or believe to be

4

true with respect to the subject matter of the Released Claims, but that I shall expressly and upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. I understand that I shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

8.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-(800) 447-7657 or visit its website at *www.gilardi.com* to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9.      Statement of Claim

Name(s) of Beneficial Owner(s):

_____
Name

_____
Joint Owner's Name (if any)

Address of Beneficial Owner(s):

_____
Street No.

_____  _____  _____
City            State        Zip Code

( )_____        ( )  _____
Telephone No. (Day)        Telephone No. (Night)

_____
Taxpayer I.D. No. or Social Security No.

Check one:

    ___ Individual          ___ Corporation
    ___ Joint Owners       ___ IRA
    ___ Estate              ___ Other _____ (specify)

10.     At the close of business on July 22, 2003, I owned _____ shares of Chiron common stock (If none, write "zero" or "0") (If other than zero, must be documented).

11.     I made the following purchases of Chiron common stock during the period July 23, 2003 through October 5, 2004, inclusive (NOTE:  If you acquired your Chiron common stock during this period other than by an open market purchase, please provide a complete description of the terms of the acquisition on a separate page.) (all purchases must be documented):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Chiron Common Stock Purchased | Purchase Price Per Share of Chiron Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

12.   I made the following sales of Chiron common stock during the period July 23, 2003 through October 6, 2004 inclusive (all sales must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Chiron Common Stock Sold | Sale Price Per Share of Chiron Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

13.   At the close of trading on October 6, 2004, I owned _____ shares of Chiron common stock (If none, write "0" or "zero"). (If other than zero, must be documented).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

14.    Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

15.    Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:  If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE

INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM

IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED NO LATER

THAN _____, 2008, AND MUST BE MAILED TO:

In re Chiron Securities Litigation
c/o Gilardi & Co. LLC, Claims Administrator
Post Office Box  8040
San Rafael, CA 94912-8040_

A Proof of Claim and Release received by the Claims Administrator shall be deemed to

have been submitted when posted, if mailed by _____, 2008, and if a postmark is

indicated on the envelope and it is mailed first class, and addressed in accordance with the above

instructions.  In all other cases, a Proof of Claim and Release shall be deemed to have been

submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of

the Proofs of Claim and Releases and to administer the Settlement.  This work will be completed

9

as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release.  Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

1. ☐ Please be sure to sign this Proof of Claim and Release on page [___].  If this Proof of Claim and Release is submitted on behalf of joint claimants, then both claimants must sign.

2. ☐ Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

3. ☐ Do NOT use highlighter on the Proof of Claim and Release or any supporting documents.

4. ☐ If you move after submitting this Proof of Claim and Release, please notify the Claims Administrator of the change in your address.

**NOTE:  RECEIPT ACKNOWLEDGMENT NEEDED**

The Claims Administrator will send a written confirmation of its receipt of your Proof of Claim and Release.  Do not assume your claim is submitted until you receive written confirmation of its receipt.  Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation of its receipt of your Proof of Claim and Release.  If you do not receive an acknowledgement postcard within thirty (30) days of your mailing the Proof of Claim and Release, then please call the Claims Administrator toll free at _____

*************

**[NOTE:  THIS FORM MAY BE RE-FORMATTED BY THE CLAIMS ADMINISTRATOR BEFORE FINALIZING]**

10

4

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND SETTLEMENT HEARING

This Summary Notice relates to the action captioned *In re Chiron Corporation Securities Litigation*, pending before the Honorable Vaughn R. Walker in the United States District Court for the Northern District of California, San Francisco Division, as Case No. C-04-4293-VRW.

TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF CHIRON CORPORATION, NOW KNOWN AS NOVARTIS VACCINES AND DIAGNOSTICS, INC. ("CHIRON"), DURING THE PERIOD FROM JULY 23, 2003 THROUGH OCTOBER 5, 2004 (THE "CLASS"). Excluded from the Class shall be the Individual Defendants, their heirs, affiliates, successors and assigns, and the current or former officers and directors of Chiron. Also excluded are members of the Class who submit a timely, valid and proper signed request for exclusion.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-referenced action has been certified as a class action and that a Settlement for thirty million dollars ($30,000,000) plus interest has been proposed. A hearing will be held before the Honorable Vaughn R. Walker in the United States District Court for the Northern District of California, San Francisco Division, at ___:_____ __.m., on _____, 2008 to determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Class, and to consider the application of Lead Plaintiff's Counsel for attorneys' fees and reimbursement of expenses.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Proposed Settlement by Judge Walker, Notice of Pendency of Class Action, Proposed Settlement Thereof, Motion for Attorneys' Fees and Settlement Fairness Hearing and a Proof of Claim and Release form, you may obtain copies of these documents by contacting the Claims Administrator:

In re Chiron Securities Litigation
c/o Gilardi & Co. LLC, Claims Administrator
Post Office Box 8040
San Rafael, CA 94912-8040
(800) 447 - 7657
*www.gilardi.com*

Inquiries, other than requests for the forms of Notice and Proof of Claim and Release, may be made to Lead Plaintiff's Counsel:

Jeff S. Westerman, Esq.
Milberg LLP
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
(213) 617-1200

To participate in the Settlement, you must submit a Proof of Claim and Release no later than _____, 2008. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the Final Order and Judgment or any Alternative Judgment of the Court. To exclude yourself from the Class, you must submit a request for exclusion postmarked no later than _____, 2008. You have the right to appear and be heard at the hearing and to object to the Settlement. Any objections to the Settlement or notices of an intent to be heard must be submitted by e-mail or mailed by _____, 2008. If you are a Class Member and do not submit a proper Proof of Claim and Release, you will not share in the Settlement but you nevertheless will be bound by the Final Order and Judgment or any Alternative Judgment of the Court.

Further information may be obtained by contacting the Claims Administrator.

By Order of The Court