MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
One California Plaza
300 S. Grand Ave., Suite 3900
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
E-mail: jwesterman@milberg.com

MILBERG LLP
GEORGE A. BAUER III
ANITA KARTALOPOULOS
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
E-mail: gbauer@milberg.com
         akartalopoulos@milberg.com

Lead Counsel for the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD GREGORY, On Behalf of Himself and All Others Similarly Situated,<br><br>            Plaintiff,<br><br>vs.<br><br>CHIRON CORPORATION, HOWARD H. PIEN, JOHN A. LAMBERT and DAVID V. SMITH,<br><br>            Defendants. | Case No.: C-04-4293-VRW<br><br><u>CLASS ACTION</u><br><br>RESPONSE TO FEBRUARY 9, 2009 ORDER, SUBMITTED ON BEHALF OF ALL PARTIES |

PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER
CASE NO.: C-04-4293-VRW
DOCS\462907v4

On February 9, 2009 this Court entered an Order (Docket # 197), which, found that the proposed "Final Order and Judgment" submitted by the Parties under the terms of the Settlement Stipulation (Docket #186) does not comply with FRCP 54(a)[1] and 58(a).[2] The February 9, 2009 Order (Docket # 197) provides among other things "Counsel are requested to review the attached proposed form of judgment and inform the court whether it meets with their approval. In addition, counsel should prepare a proposed from of order to resolve any outstanding issues that require judicial resolution in order to implement their settlement."

Submitted herewith as Exhibit A, is a proposed form of Judgment in substitution for the Court's proposed form (Docket #197-2), and, submitted as Exhibit B, is a proposed separate form of Order Approving Class Action Settlement, Plan of Allocation and Common Fund Fee and Expense Award. "to resolve any outstanding issues that require judicial resolution in order to implement their settlement."

Plaintiff's Counsel and Defendants' Counsel have conferred and Defendants' Counsel have authorized Plaintiff's Counsel to represent that they join in this response.

Revised Proposed Judgment Form (Exhibit A):

A.   *Required Addition of Class Findings:*

Plaintiff's Counsel submit that because this is a class action, the judgment to be entered herein is required by FRCP 23(c)(3)(B)[3] to "describe those to whom the Rule 23(c )(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members."

---

[1] FRCP 54(a) provides "**Definition, Form.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A Judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings."

[2] FRCP 58(a) provides "**Separate Document**. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion: (1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorneys fees under Rule 54; (4) for a new trial, or to alter or amend the Judgment under Rule 59; or (5) for relief under Rule 60."

[3] FRCP 23(c)(3)(B) provides "**Judgment.** Whether or not favorable to the class, the judgment in a class action must: . . . (B) for any class certified under Rule 23(b)(3), include and specify or describe those to whom the Rule 23(c )(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members."

The attached proposed Judgment (Exhibit A) includes, as paragraph 1, a description of those to whom the Rule 23(c)(2) notice was directed. The attached proposed Judgment includes, as paragraph 2, a list of the only persons or entities who have requested exclusion. The attached proposed Judgment, at paragraph 3, describes whom the court finds to be class members.

B.  *Deletion of language that Plaintiff shall recover $30 million plus*:

As part of the Settlement (reflected in paragraph 30(a) of the Stipulation), the parties agreed to settle the Action without any concession of liability on the Defendants' part and, indeed, Defendants expressly deny liability. The formulation in the Court's proposed form of judgment that "Lead Plaintiff . . . shall recover from defendants . . . the sum of $30 million plus . . ." is a form of words often found in judgments following determinations of liability. Accordingly, the parties believe it would be more appropriate, and consistent with the agreed terms of the settlement, to replace this language with the formulation " Defendants shall pay to Lead Counsel's escrow account for the benefit of the Settlement Class, in Settlement of the Action, the sum of $30 million plus interest thereon in an amount equivalent to interest at the thirty-day Treasury Bill rate from June 6, 2006 to the date of payment of this judgment."

C.  Addition *of provisions Approving Settlement and Dismissing Action*:

In addition to the payment provision, the proposed Judgment (Exhibit A) includes, as paragraph 5 a provision finding the Stipulation to be a fair, reasonable and adequate settlement and directs the parties to consummate it in accordance with its terms. Further, the proposed Judgment at paragraph 6 provides for the dismissal of the Consolidated Amended Complaint, with prejudice, and except as provided in the Stipulation, without costs.

D.  *Addition of Reservation of Jurisdiction And Rule 54(b)Certification*:

Under the terms of the Stipulation, the parties request the Court to retain jurisdiction over the parties and the Class Members for the administration, interpretation, effectuation or enforcement of the Stipulation. Such continued jurisdiction will be needed for purposes of administering and distributing the settlement proceeds to the Class Members. Accordingly the proposed Judgment (Exhibit A) includes, as paragraph 7, a reservation of jurisdiction.

1 Nevertheless the complaint will be dismissed with prejudice and **all** claims against **all** defendants released, so it is appropriate to include as paragraph 8 a Rule 54(b) certification so there is no question that the Judgment is a final appealable order, notwithstanding the reservation of jurisdiction for these limited purposes.

E.  *Addition of Court's Direction to Clerk to Enter Judgment*:

Pursuant to FRCP 58(b)(2),[4] the Court's approval (not just Clerk's approval) is required for the form of judgment when the judgment grants "relief not described in" FRCP 58(b). FRCP 58(b) limits the Clerk's authority to enter a judgment without the Court's approval to where the jury returns a general verdict, the Court awards only costs or a sum certain, or the court denies all relief. As any proposed judgment herein must comply with FRCP 23(c)(3)(B) and should comply with the Stipulation's provisions for approving the Settlement and dismissing the Complaint, it is beyond the Clerk's authority to enter without the Court's approval. Accordingly, the attached proposed Judgment adds a signature line for the Court's approval of the form of judgment.

Revised Proposed form of "Order Approving Class Action Settlement,
<u>Plan of Allocation and Common Fund Fee and Expense Award" (Exhibit B)</u>:

In accordance with this Court's February 9, 2009 Order (Docket # 197), The parties have prepared the attached proposed Order Approving Class Action Settlement, Plan of Allocation and Common Fund Fee and Expense Award, which includes, in one form of Order, all of the remaining provisions we submit are needed "to resolve any outstanding issues that require judicial resolution in order to implement their settlement." This one proposed Order, together with the proposed Judgment, would substitute for the three forms of orders previously submitted as Docket Nos. 186, 187 and 188 (which were updated and re-filed as Docket Nos. 196-1, 196-3,

---

[4]   FRCP 58(b)(2) provides "**Court's Approval Required**. Subject to Rule 54(b) the court must promptly approve the form of judgment, which the clerk must promptly enter, when: (A) the jury returns a special verdict with answers to written questions, or (B) the court grants other relief not described in this subdivision (b)."

PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER
CASE NO.:C-04-4293-VRW
-3-
DOCS\462907v4

1  and 196-5) for approving (i) the Settlement, (ii) the Plan of Allocation, and (iii) payment of the
2  Attorneys Fees and Expenses from the common fund recovery.

3  As previously stated, the Stipulation requires entry of orders substantially in the forms
4  provided for approval of the Stipulation to become final, and for the Settlement to become
5  effective.  The proposed form of Order includes the following provisions which we submit are
6  required "in order to implement their settlement":  (i)  finding jurisdiction of the parties and class
7  members (paragraph 1);  (ii)  finding that the prerequisites for a class action under Federal Rules
8  of Civil Procedure 23 (a) and (b)(3) have been satisfied (paragraph 2); (iii)  finally certifying this
9  action as a class action on behalf of a defined class with particular exclusions (paragraph 3);  (iv)
10 finding that the notice given constituted due and sufficient notice to all persons and entities
11 entitled thereto (paragraph 4);  (v)  approving the Settlement as being fair, reasonable, and
12 directing the parties to consummate it (paragraph 5);  (vi)  providing for the dismissal of the
13 Complaint, with prejudice and without costs (paragraph 6);  (vii)  providing for the release and
14 discharge by Plaintiffs and all Class Members of the "Released Claims" as defined in the
15 Stipulation (Paragraphs 7 and 8);  (viii)  providing for the release and discharge by Defendants of
16 the "Released Defendants Claims" as defined in the Stipulation (Paragraph 9);  (ix)  confirming
17 that the Orders entered under the Settlement shall not be construed as an admission or concession
18 of any thing (paragraph 10); (x)  making a finding, as required by the PSLRA, that all parties and
19 their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil
20 Procedure as to all proceedings herein.

21 In addition, the unified proposed form of Order includes the provisions to effectuate the
22 approval of the Plan of Allocation (paragraph 12) and to implement the payment of the
23 attorneys' fees and expenses approved by the Court (paragraph 13).

24 Finally the proposed form of Order includes provisions to return the parties to the status
25 quo in the event the Order does not become Final (by e.g., being vacated, modified or reversed
26 on appeal) (paragraph 14).

27
28

\* \* \* \*

It is respectfully requested that the Court enter the forms of Judgment submitted herewith as Exhibit A, and the Order submitted herewith as Exhibit B.

DATED:  February 27, 2009                    MILBERG LLP
                                             JEFF S. WESTERMAN


                                             _____/s/ Jeff S. Westerman_____
                                                    JEFF S. WESTERMAN

                                             One California Plaza
                                             300 South Grand Avenue, Suite 3900
                                             Los Angeles, CA 90071
                                             Telephone: (213) 617-1200
                                             Facsimile:  (213) 617-1975
                                             E-mail:  jwesterman@milberg.com

                                             MILBERG LLP
                                             GEORGE A. BAUER III
                                             ANITA KARTALOPOULOS
                                             One Pennsylvania Plaza
                                             New York, NY  10119
                                             Telephone: (212) 594-5300
                                             Facsimile:  (212) 868-1229
                                             E-mail:  gbauer@milberg.com
                                                akartalopoulos@milberg.com

                                             Lead Counsel for the Class

                                             KROLL HEINEMAN, LLC
                                             99 Wood Avenue South, Suite 307
                                             Iselin, NJ  08830
                                             Telephone: (732) 491-2100
                                             Facsimile:  (732) 491-2120
                                             E-mail: akroll@krollfirm.com

|     |                                      |
| --- | ------------------------------------ |
| 1   | VINCENT GIBLIN                       |
| 2   | PITTA & DREIER LLP                   |
|     | 499 Park Avenue, 15th Floor          |
| 3   | New York, New York 10022             |
|     | Telephone: (212) 652-3890            |
| 4   | Facsimile: (212) 652-3891            |
|     | E-mail: vgiblin@pittadreier.com      |
| 5   |                                      |
| 6   | Counsel for Plaintiffs               |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.  That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2.  That on February 27, 2009, declarant served the foregoing PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.  That there is a regular communication by mail between the place of mailing and the places so addressed.

4.  That a true and correct copy of this document is being e-mail served to the following persons who commented on the settlement by e-mail:

   (a) Mr. Steve Rogers at [mailto:roges57@yahoo.com];
   (b) Ms. Laurie Lamb at [mailto:bllamb@earthlink.net];
   (c) Mr. Jerome Gleim at [mailto:JGleim@aol.com];
   (d) Mr. Leland G. Coe at [mailto:leecoe@paulbunyan.net];
   (e) Roy W. Fogle and Patricia A. Fogle, Trustees of the Roy W & Patricia A. Fogle Trust dated 12/28/1998 at [mailto:prfogle@sbcglobal.net]; and
   (f) Mr. Peter Williamson and Ms. Margaret Williamson at [mailto:pwmcw@cox.net].

5.  That on the above date, declarant served via e-mail to: scac@law.stanford.edu.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of February, 2009, at Los Angeles, California.

_____
ELIZABETH VILLALOBOS

PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER
CASE NO.:C-04-4293-VRW

-7-

DOCS\462907v4

Case3:04-cv-04293-VRW   Document198   Filed02/27/09   Page9 of 10

**SERVICE LIST**

*Richard Gregory v. Chiron Corporation, et al.*
USDC ~ San Francisco - Case No.C-04-4293-VRW

| *Counsel for Plaintiffs* | |
|---|---|
| Jeff S. Westerman<br>Elizabeth P. Lin<br>MILBERG LLP<br>One California Plaza<br>300 S. Grand Avenue, Suite 3900<br>Los Angeles, CA 90071<br>Telephone: (213) 617-1200<br>Facsimile: (213) 617-1975 | George A. Bauer III<br>Anita Kartalopoulos<br>MILBERG LLP<br>One Pennsylvania Plaza<br>New York, NY 10119<br>Telephone: (212) 594-5300<br>Facsimile: (212) 868-1229 |
| KROLL HEINEMAN LLC<br>99 Wood Avenue South, Suite 307<br>Iselin, NJ 08830<br>Telephone: (732) 491-2100<br>Facsimile: (732) 491-2120 | Lionel Glancy<br>GLANCY BINKOW & GOLDBERG LLP<br>1801 Ave. of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160 |
| Brian P. Murray<br>MURRAY, FRANK & SAILER LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: (212) 682-1818<br>Facsimile: (212) 682-1892 | Vincent Giblin<br>PITTA & DREIER LLP<br>499 Park Avenue<br>15th Floor<br>New York, New York 10022<br>Telephone: (212) 652-3890<br>Facsimile: (212) 652-3891 |
| *Counsel for Defendants* | |
| James E. Lyons<br>Amy Park<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>Four Embarcadero Center, Suite 3800<br>San Francisco, CA 94111<br>Telephone: (415) 984-6400<br>Facsimile: (415) 984-2698 | Eric Waxman<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>300 S. Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 687-5000<br>Facsimile: (213) 687-5600 |
| Paul K. Rowe<br>Rachelle Silverberg<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>Facsimile: (212) 403-2000 | |

CASE NO.:C-04-4293-VRW
DOCS\462907v4
-8 -

| | |
|---|---|
| **Other Counsel**<br>Jeffrey R. Krinsk<br>FINKELSTEIN & KRINSK<br>501 W. Broadway, Suite 1250<br>San Diego, CA  92101-3593<br>Telephone: (619) 238-1333<br>Facsimile:  (619) 238-5425 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER
CASE NO.:C-04-4293-VRW                                                                                     -9 -
DOCS\462907v4