MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
One California Plaza
300 S. Grand Ave., Suite 3900
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
E-mail: jwesterman@milberg.com

MILBERG LLP
GEORGE A. BAUER III
ANITA KARTALOPOULOS
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
E-mail: gbauer@milberg.com
        akartalopoulos@milberg.com

Lead Counsel for the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD GREGORY, On Behalf of Himself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CHIRON CORPORATION, HOWARD H. PIEN, JOHN A. LAMBERT and DAVID V. SMITH,<br><br>                              Defendants. | Case No.: C-04-4293-VRW<br><br>CLASS ACTION<br><br>RESPONSE TO FEBRUARY 9, 2009 ORDER, SUBMITTED ON BEHALF OF ALL PARTIES |

PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER
CASE NO.: C-04-4293-VRW

DOCS\462907v4

1    On February 9, 2009 this Court entered an Order (Docket # 197), which, found that the

2    proposed "Final Order and Judgment" submitted by the Parties under the terms of the Settlement

3    Stipulation (Docket #186) does not comply with FRCP 54(a)[1] and 58(a).[2]  The February 9, 2009

4    Order (Docket # 197) provides among other things "Counsel are requested to review the attached

5    proposed form of judgment and inform the court whether it meets with their approval.  In

6    addition, counsel should prepare a proposed from of order to resolve any outstanding issues that

7    require judicial resolution in order to implement their settlement."

8    Submitted herewith as Exhibit A, is a proposed form of Judgment in substitution for the

9    Court's proposed form (Docket #197-2), and, submitted as Exhibit B, is a proposed separate

10   form of Order Approving Class Action Settlement, Plan of Allocation and Common Fund Fee

11   and Expense Award. "to resolve any outstanding issues that require judicial resolution in order to

12   implement their settlement."

13   Plaintiff's Counsel and Defendants' Counsel have conferred and Defendants' Counsel

14   have authorized Plaintiff's Counsel to represent that they join in this response.

15   <u>Revised Proposed Judgment Form (Exhibit A):</u>

16   A.    *Required Addition of Class Findings:*

17   Plaintiff's Counsel submit that because this is a class action, the judgment to be entered

18   herein is required by FRCP 23(c)(3)(B)[3] to "describe those to whom the Rule 23(c )(2) notice

19   was directed, who have not requested exclusion, and whom the court finds to be class members."

20

21   [1]    FRCP 54(a) provides "**Definition, Form.** "Judgment" as used in these rules includes a decree and any

22   order from which an appeal lies.  A Judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings."

23   [2]    FRCP 58(a) provides "**Separate Document**.  Every judgment and amended judgment must be set out in a

24   separate document, but a separate document is not required for an order disposing of a motion: (1) for judgment under Rule 50(b);  (2) to amend or make additional findings under Rule 52(b);  (3) for attorneys fees under Rule 54; (4) for a new trial, or to alter or amend the Judgment under Rule 59;  or (5) for relief under Rule 60."

25   [3]    FRCP 23(c)(3)(B) provides "**Judgment.**  Whether or not favorable to the class, the judgment in a class

26   action must:  .  .  . (B) for any class certified under Rule 23(b)(3), include and specify or describe those to whom the

27   Rule 23(c )(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members."

28

| PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER CASE NO.:C-04-4293-VRW | -1 - |
|---|---|

DOCS\462907v4

The attached proposed Judgment (Exhibit A) includes, as paragraph 1, a description of those to whom the Rule 23(c )(2) notice was directed.  The attached proposed Judgment includes, as paragraph 2, a list of the only persons or entities who have requested exclusion.  The attached proposed Judgment, at paragraph 3, describes whom the court finds to be class members.

B.    *Deletion of language that Plaintiff shall recover $30 million plus*:

As part of the Settlement (reflected in paragraph 30(a) of the Stipulation), the parties agreed to settle the Action without any concession of liability on the Defendants' part and, indeed, Defendants expressly deny liability.  The formulation in the Court's proposed form of judgment that "Lead Plaintiff  .  .  .  shall recover from defendants  .  .  .  the sum of $30 million plus .  .  ." is a form of words often found in judgments following determinations of liability.  Accordingly, the parties believe it would be more appropriate, and consistent with the agreed terms of the settlement, to replace this language with the formulation " Defendants shall pay to Lead Counsel's escrow account for the benefit of the Settlement Class, in Settlement of the Action, the sum of $30 million plus interest thereon in an amount equivalent to interest at the thirty-day Treasury Bill rate from June 6, 2006 to the date of payment of this judgment."

C.    Addition *of provisions Approving Settlement and Dismissing Action*:

In addition to the payment provision, the proposed Judgment (Exhibit A) includes, as paragraph 5 a provision finding the Stipulation to be a fair, reasonable and adequate settlement and directs the parties to consummate it in accordance with its terms.  Further, the proposed Judgment at paragraph 6 provides for the dismissal of the Consolidated Amended Complaint, with prejudice, and except as provided in the Stipulation, without costs.

D.    *Addition of Reservation of Jurisdiction And Rule 54(b)Certification*:

Under the terms of the Stipulation, the parties request the Court to retain jurisdiction over the parties and the Class Members for the administration, interpretation, effectuation or enforcement of the Stipulation.  Such continued jurisdiction will be needed for purposes of administering and distributing the settlement proceeds to the Class Members.  Accordingly the proposed Judgment (Exhibit A) includes, as paragraph 7, a reservation of jurisdiction.

Nevertheless the complaint will be dismissed with prejudice and **all** claims against **all** defendants released, so it is appropriate to include as paragraph 8 a Rule 54(b) certification so there is no question that the Judgment is a final appealable order, notwithstanding the reservation of jurisdiction for these limited purposes.

E.    *Addition of Court's Direction to Clerk to Enter Judgment*:

Pursuant to FRCP 58(b)(2),[4]  the Court's approval (not just Clerk's approval) is required for the form of judgment when the judgment grants "relief not described in" FRCP 58(b).  FRCP 58(b) limits the Clerk's authority to enter a judgment without the Court's approval to where the jury returns a general verdict, the Court awards only costs or a sum certain, or the court denies all relief.  As any proposed judgment herein must comply with FRCP 23(c)(3)(B) and should comply with the Stipulation's provisions for approving the Settlement and dismissing the Complaint, it is beyond the Clerk's authority to enter without the Court's approval.  Accordingly, the attached proposed Judgment adds a signature line for the Court's approval of the form of judgment.

Revised Proposed form of "Order Approving Class Action Settlement,
Plan of Allocation and Common Fund Fee and Expense Award" (Exhibit B):

In accordance with this Court's February 9, 2009 Order (Docket # 197),  The parties have prepared the attached proposed Order Approving Class Action Settlement, Plan of Allocation and Common Fund Fee and Expense Award, which includes, in one form of Order, all of the remaining provisions we submit are needed "to resolve any outstanding issues that require judicial resolution in order to implement their settlement."  This one proposed Order, together with the proposed Judgment, would substitute for the three forms of orders previously submitted as Docket Nos. 186, 187 and 188 (which were updated and re-filed as Docket Nos. 196-1, 196-3,

---

[4]      FRCP 58(b)(2) provides "**Court's Approval Required**.  Subject to Rule 54(b) the court must promptly approve the form of judgment, which the clerk must promptly enter, when:  (A)  the jury returns a special verdict with answers to written questions, or (B) the court grants other relief not described in this subdivision (b)."

1   and 196-5) for approving (i) the Settlement, (ii) the Plan of Allocation, and (iii) payment of the

2   Attorneys Fees and Expenses from the common fund recovery.

3        As previously stated, the Stipulation requires entry of orders substantially in the forms

4   provided for approval of the Stipulation to become final, and for the Settlement to become

5   effective. The proposed form of Order includes the following provisions which we submit are

6   required "in order to implement their settlement": (i) finding jurisdiction of the parties and class

7   members (paragraph 1); (ii) finding that the prerequisites for a class action under Federal Rules

8   of Civil Procedure 23 (a) and (b)(3) have been satisfied (paragraph 2); (iii) finally certifying this

9   action as a class action on behalf of a defined class with particular exclusions (paragraph 3); (iv)

10  finding that the notice given constituted due and sufficient notice to all persons and entities

11  entitled thereto (paragraph 4); (v) approving the Settlement as being fair, reasonable, and

12  directing the parties to consummate it (paragraph 5); (vi) providing for the dismissal of the

13  Complaint, with prejudice and without costs (paragraph 6); (vii) providing for the release and

14  discharge by Plaintiffs and all Class Members of the "Released Claims" as defined in the

15  Stipulation (Paragraphs 7 and 8); (viii) providing for the release and discharge by Defendants of

16  the "Released Defendants Claims" as defined in the Stipulation (Paragraph 9); (ix) confirming

17  that the Orders entered under the Settlement shall not be construed as an admission or concession

18  of any thing (paragraph 10); (x) making a finding, as required by the PSLRA, that all parties and

19  their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil

20  Procedure as to all proceedings herein.

21       In addition, the unified proposed form of Order includes the provisions to effectuate the

22  approval of the Plan of Allocation (paragraph 12) and to implement the payment of the

23  attorneys' fees and expenses approved by the Court (paragraph 13).

24       Finally the proposed form of Order includes provisions to return the parties to the status

25  quo in the event the Order does not become Final (by e.g., being vacated, modified or reversed

26  on appeal) (paragraph 14).

27

28

| PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER<br>CASE NO.:C-04-4293-VRW | -4 - |
| --- | --- |

1

2

3                                    * * * *

4          It is respectfully requested that the Court enter the forms of Judgment submitted herewith

5    as Exhibit A, and the Order submitted herewith as Exhibit B.

6

7    DATED:  February 27, 2009              MILBERG LLP
                                            JEFF S. WESTERMAN

8

9
                                                  _/s/ Jeff S. Westerman_
10                                               JEFF S. WESTERMAN

11                                          One California Plaza
                                            300 South Grand Avenue, Suite 3900
12                                          Los Angeles, CA 90071
                                            Telephone: (213) 617-1200
13                                          Facsimile:  (213) 617-1975
                                            E-mail:  jwesterman@milberg.com
14
                                            MILBERG LLP
15                                          GEORGE A. BAUER III
                                            ANITA KARTALOPOULOS
16                                          One Pennsylvania Plaza
                                            New York, NY  10119
17                                          Telephone: (212) 594-5300
                                            Facsimile:  (212) 868-1229
18                                          E-mail:  gbauer@milberg.com
                                               akartalopoulos@milberg.com
19
                                            Lead Counsel for the Class
20
                                            KROLL HEINEMAN, LLC
21                                          99 Wood Avenue South, Suite 307
                                            Iselin, NJ  08830
22                                          Telephone: (732) 491-2100
                                            Facsimile:  (732) 491-2120
23                                          E-mail: akroll@krollfirm.com

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VINCENT GIBLIN
PITTA & DREIER LLP
499 Park Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 652-3890
Facsimile: (212) 652-3891
E-mail: vgiblin@pittadreier.com


Counsel for Plaintiffs

### DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2.     That on February 27, 2009, declarant served the foregoing PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

4.     That a true and correct copy of this document is being e-mail served to the following persons who commented on the settlement by e-mail:

        (a)     Mr. Steve Rogers at [mailto:roges57@yahoo.com];

        (b)     Ms. Laurie Lamb at [mailto:bllamb@earthlink.net];

        (c)     Mr. Jerome Gleim at [mailto:JGleim@aol.com];

        (d)     Mr. Leland G. Coe at [mailto:leecoe@paulbunyan.net];

        (e)     Roy W. Fogle and Patricia A. Fogle, Trustees of the Roy W & Patricia A. Fogle Trust dated 12/28/1998 at [mailto:prfogle@sbcglobal.net]; and

        (f)     Mr. Peter Williamson and Ms. Margaret Williamson at [mailto:pwmcw@cox.net].

5.     That on the above date, declarant served via e-mail to: scac@law.stanford.edu.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of February, 2009, at Los Angeles, California.

ELIZABETH VILLALOBOS

| | | |
|---|---|---|
| 1 | | |

**SERVICE LIST**

*Richard Gregory v. Chiron Corporation, et al.*
USDC ~ San Francisco - Case No.C-04-4293-VRW

| **Counsel for Plaintiffs** | |
|---|---|
| Jeff S. Westerman<br>Elizabeth P. Lin<br>MILBERG LLP<br>One California Plaza<br>300 S. Grand Avenue, Suite 3900<br>Los Angeles, CA  90071<br>Telephone: (213) 617-1200<br>Facsimile:  (213) 617-1975 | George A. Bauer III<br>Anita Kartalopoulos<br>MILBERG LLP<br>One Pennsylvania Plaza<br>New York, NY  10119<br>Telephone: (212) 594-5300<br>Facsimile:  (212) 868-1229 |
| KROLL HEINEMAN LLC<br>99 Wood Avenue South, Suite 307<br>Iselin, NJ  08830<br>Telephone: (732) 491-2100<br>Facsimile:  (732) 491-2120 | Lionel Glancy<br>GLANCY BINKOW & GOLDBERG LLP<br>1801 Ave. of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160 |
| Brian P. Murray<br>MURRAY, FRANK & SAILER LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: (212) 682-1818<br>Facsimile:  (212) 682-1892 | Vincent Giblin<br>PITTA & DREIER LLP<br>499 Park Avenue<br>15th Floor<br>New York, New York 10022<br>Telephone: (212) 652-3890<br>Facsimile: (212) 652-3891 |
| **Counsel for Defendants** | |
| James E. Lyons<br>Amy Park<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>Four Embarcadero Center, Suite 3800<br>San Francisco, CA  94111<br>Telephone: (415) 984-6400<br>Facsimile:  (415) 984-2698 | Eric Waxman<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>300 S. Grand Avenue<br>Los Angeles, CA  90071<br>Telephone: (213) 687-5000<br>Facsimile:  (213) 687-5600 |
| Paul K. Rowe<br>Rachelle Silverberg<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>Facsimile:  (212) 403-2000 | |

| *Other Counsel* | |
|---|---|
| Jeffrey R. Krinsk<br>FINKELSTEIN & KRINSK<br>501 W. Broadway, Suite 1250<br>San Diego, CA 92101-3593<br>Telephone: (619) 238-1333<br>Facsimile: (619) 238-5425 | |

PLAINTIFF'S RESPONSE TO FEBRUARY 9, 2009 ORDER
CASE NO.:C-04-4293-VRW

-9-

DOCS\462907v4

Exhibit A

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12   In re CHIRON CORP SECURITIES           No C  04-4293  VRW
     LITIGATION
13                                                JUDGMENT
     _____ /
14

15                  This action having come before the court for approval of a class

16   action settlement pursuant to FRCP 23(e), and the court having considered the

17   same and, on _____, 2009, entered an Order Approving Class Action

18   Settlement, Plan of Allocation, and Common Fund Fee and Expense Award, Doc

19   #____, which among other things ordered entry of judgment, now therefore:

20

21

22   IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

23

24         1.      Pursuant to Rule 23(c)(2), this Court's Notice of Proposed Settlement

25   (the "Cover Notice") and a Notice of Pendency of Class Action and Proposed

26   Settlement Thereof, Motion for Attorneys' Fees and Settlement Fairness Hearing

27

28

Judgment
CASE NO.:C-04-4293-VRW
DOCS\462905v4

(the "Settlement Notice"), substantially in the forms approved by the Court, were mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of Chiron Corporation, now known as Novartis Vaccines and Diagnostics, Inc. ("Chiron") during the period from July 23, 2003 through October 5, 2004 (the "Class Period") as shown by the records of Chiron's transfer agent, and as further identified through the mailing of the Cover Notice, and Settlement Notice pursuant to earlier orders of the Court, at the respective addresses set forth in such records. A summary notice substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal*, and *Investor's Business Daily* pursuant to the specifications of the Court.

2. Only the following persons and/or entities have requested exclusion from the Settlement Class: Murat H. Polat; Lawrence M. Franks and Ellen S. Berelson; Mark L. Anderson; Jerry W. Cox, Esq.; William L Teel; Preston W. Thomas; and Patricia S. Stuart.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Court certified this action as a class action on behalf of a Settlement Class consisting of "all persons who purchased or otherwise acquired the common stock of Chiron during the period from July 23, 2003 through October 5, 2004." Excluded from the Settlement Class are the Individual Defendants, Howard H Pien, John A

1    Lambert and David V Smith, their heirs, affiliates, successors and assigns, and the

2    current or former officers and directors of Chiron.  Also excluded from the Class

3

4    are the persons and/or entities listed in paragraph 2 above.

5

6         4.    Defendants shall pay to Lead Counsel's escrow account for the benefit

7    of the Settlement Class, in Settlement of the Action, the sum of $30 million plus

8
     interest thereon in an amount equivalent to interest at the thirty-day Treasury Bill
9

10   rate from June 6, 2006 to the date of payment of this judgment.

11

12        5.    The Stipulation and Agreement of Settlement dated as of March 29,

13   2007 (the "Stipulation") is approved as fair, reasonable, and adequate and in the
14
     best interests of the Settlement Class, and the Class Members and the parties are
15

16   directed to consummate the settlement in accordance with the terms and provisions

17   of the Stipulation.
18

19        6.    The Consolidated Amended Complaint For Violations of the Federal

20   Securities Laws, dated April 14, 2005 (the "Complaint") and the Action are hereby
21

22   dismissed with prejudice and, except as provided in the Stipulation, without costs

23   as against Defendants.
24

25        7.    Exclusive jurisdiction is hereby retained over the parties and the Class

26   Members for all matters relating to this Action, including the administration,
27

28

Judgment
CASE NO.:C-04-4293-VRW

DOCS\462905v4

interpretation, effectuation or enforcement of the Stipulation and this Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

8.     Notwithstanding the foregoing reservation of jurisdiction over the parties and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation, this Judgment disposes of all claims asserted in the action against all parties to the action.  There is no just reason for delay in the entry of a Judgment.  The Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to enter this Judgment.

Dated: _____, 2009

_____
Cora Klein, DEPUTY CLERK
United States District Court

Judgment
CASE NO.:C-04-4293-VRW
DOCS\462905v4

Pursuant to FRCP 58(b)(2) the form of the foregoing Judgment is approved and the Clerk is directed to promptly enter it.

Dated: _____, 2009


_____
Honorable Vaughn R. Walker
UNITED STATES DISTRICT JUDGE

Exhibit B

MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
300 S. Grand Ave., Suite 3900
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com

MILBERG LLP
GEORGE A BAUER III
ANITA KARTALOPOULOS
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
Email: gbauer@milberg.com
akartalopoulos@milberg.com

Lead Counsel for the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD GREGORY, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHIRON CORPORATION, HOWARD H. PIEN, JOHN A. LAMBERT and DAVID V. SMITH,<br><br>Defendants. | Case No. C-04-4293-VRW<br><br>CLASS ACTION<br><br>ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON FUND FEE AND EXPENSE AWARD |

ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON
FUND FEE AND EXPENSE AWARD
CASE NO.:C-04-4293-VRW

DOCS\462906v2

1    On the 3rd day of December, 2008, a hearing was held before this Court to determine: (1)

2    whether the terms and conditions of the Stipulation and Agreement of Settlement dated as of March

3    29, 2007 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims

4    asserted by the Class against Defendants in the Consolidated Amended Complaint For Violations of

5    the Federal Securities Laws, dated April 14, 2005 (the "Complaint") now pending in this Court

6    under the above caption (including the release of the Released Parties) and are in the best interests of

7    the Class and should be approved; (2) whether judgment should be entered dismissing the Complaint

8    on the merits and with prejudice in favor of Defendants and as against all persons or entities who are

9    members of the Class herein who have not requested exclusion therefrom; and (3) whether the Plan

10   of Allocation (the "Plan") proposed by Lead Plaintiff should be approved as a fair and reasonable

11   method for allocating the common fund recovery among Class Members;  and (4) whether and in

12   what amount to award Plaintiff's Counsel fees and reimbursement of expenses.

13   All capitalized terms used herein have the meanings as set forth and defined in the

14   Stipulation.

15   The Court has considered all matters submitted to it at the hearing and otherwise.

16   As shown by the *Affidavit of Michael Joaquin of Gilardi & Co. LLC RE: A) Dissemination of*

17   *Notices Concerning Proposed Settlement, B) Report on Requests for Exclusion Received, C) Report*

18   *on Comments and/or Objections Received, and D) Interim Report on Proofs of Claim* (Docket 183),

19   the Court's Notice of Proposed Settlement (the "Cover Notice"), the Notice of Pendency of Class

20   Action and Proposed Settlement Thereof, Motion for Attorneys' Fees and Settlement Fairness

21   Hearing (the "Settlement Notice"), and the Proof of Claim and Release form (the "Proof of Claim")

22   substantially in the forms approved by the Court were mailed to all persons or entities reasonably

23   identifiable, who purchased or otherwise acquired the common stock of Chiron Corporation, now

24   known as Novartis Vaccines and Diagnostics, Inc. ("Chiron") during the period from July 23, 2003

25   through October 5, 2004 (the "Class Period") as shown by the records of Chiron's transfer agent, and

26   as further identified through the mailing of the Cover Notice, the Settlement Notice, and the Proof of

27   Claim pursuant to earlier orders of the Court, at the respective addresses set forth in such records.

28

| ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON FUND FEE AND EXPENSE AWARD<br>CASE NO.:C-04-4293-VRW | -1 - |

1   And, as shown by the *Declaration of George A. Bauer III RE: Publication of the Summary Notice of*

2   *Pendency of Class Action, Proposed Settlement and Settlement Hearing* (Docket 184), a summary

3   notice of the hearing substantially in the form approved by the Court was published in the national

4   edition of *The Wall Street Journal*, and *Investor's Business Daily* pursuant to the specifications of

5   the Court.

6       NOW, THEREFORE, the Court having now approved the Stipulation and entered an Order

7   on January 6, 2009, (Docket 195) approving the Settlement and awarding fees, and by Order dated

8   February 9, 2009 (Docket 197) having invited counsel to comment on the form of judgment to be

9   entered and to prepare a proposed form of order to resolve any outstanding issues that require

10  judicial resolution in order to implement their settlement, and having read Plaintiff's Counsel

11  "Response to February 9, 2009 Order Submitted On Behalf of All Parties", proposing entry of this

12  Order and the accompanying form of judgment (the "Judgment"), IT IS HEREBY ORDERED

13  THAT:

14      1.      The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, all

15  Class Members, and Defendants.  The Court directs the Clerk to enter the Judgment.

16      2.      The Court finds that the prerequisites for a class action under Federal Rules of Civil

17  Procedure 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so

18  numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact

19  common to the Class; (c) the claims of Lead Plaintiff, as the Class Representative, are typical of the

20  claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Plaintiff's Counsel have and

21  will fairly and adequately represent the interests of the Class; (e) the questions of law and fact

22  common to Class Members predominate over any questions affecting only individual Class

23  Members; and (f) a class action is superior to other available methods for the fair and efficient

24  adjudication of the controversy.

25      3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally

26  certifies this action as a class action on behalf of all persons who purchased or otherwise acquired

27  the common stock of Chiron during the period from July 23, 2003 through October 5, 2004.

28

ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON
FUND FEE AND EXPENSE AWARD
CASE NO.:C-04-4293-VRW

-2 -

1    Excluded from the Settlement Class are the Individual Defendants, Howard H Pien, John A Lambert

2    and David V Smith, their heirs, affiliates, successors and assigns, and the current or former officers

3    and directors of Chiron.  Also excluded from the Class are the following persons and/or entities who

4    have requested exclusion from the Settlement Class: Murat H. Polat; Lawrence M. Franks and Ellen

5    S. Berelson; Mark L. Anderson; Jerry W. Cox, Esq.; William L Teel; Preston W. Thomas; and

6    Patricia S. Stuart.

7           4.       Notice of the Pendency of this Action as a class action and of the proposed Settlement

8    was given to all Class Members who could be identified with reasonable effort.  The form and

9    method of notifying the Class Members of the pendency of the action as a class action and of the

10   terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal

11   Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §

12   78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and

13   any other applicable law, constituted the best notice practicable under the circumstances, and

14   constituted due and sufficient notice to all persons and entities entitled thereto.

15          5.       The Settlement is approved as fair, reasonable, and adequate and in the best interests

16   of the Class, and the Class Members and the parties are directed to consummate the Settlement in

17   accordance with the terms and provisions of the Stipulation.

18          6.       The Complaint and the Action are hereby dismissed with prejudice and, except as

19   provided in the Stipulation, without costs as against Defendants.

20          7.       Lead Plaintiff and the Class Members, in their individual capacities, their capacities

21   as purchasers, holders or sellers of Chiron common stock, and on behalf of themselves, their heirs,

22   agents, representatives, executors, administrators, beneficiaries, predecessors, successors, assigns

23   and transferees, immediate and remote, are hereby permanently barred and enjoined from directly,

24   indirectly or derivatively instituting, commencing or prosecuting any and all claims, causes of

25   action, demands, rights, or liabilities (including but not limited to claims for violation of the federal

26   securities laws, negligence, gross negligence, professional negligence, breach of duty of care and/or

27   breach of duty of loyalty and/or breach of the duty of candor, fraud, breach of fiduciary duty,

28

ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON
FUND FEE AND EXPENSE AWARD
CASE NO.:C-04-4293-VRW
DOCS\462906v2
   -3 -

mismanagement, corporate waste, malpractice, breach of contract, negligent misrepresentation, violations of any state statutes including, without limitation, the California Corporations Code and California Business & Professions Code and its Delaware equivalent, or federal statutes, rules or regulations, and any "Unknown Claims" as defined below) that have been or that could have been asserted in this or any other forum by or on behalf of Lead Plaintiff, the Settlement Class or any Settlement Class Member based on, arising out of, in connection with, or related in any way to their purchase or other acquisition, holding or sale or other disposition of Chiron's common stock during the Settlement Class Period.  By way of illustration, not limitation, Released Claims shall include claims, causes of action, demands, rights, or liabilities based on, arising out of, in connection with, or relating in any way to:

(i)  any of the facts, circumstances, allegations, representations, statements, reports, disclosures, transactions, events, occurrences, acts, omissions or failures to act, of whatever kind or character, irrespective of the state of mind of the actor performing or omitting to perform the same, that have been or could have been alleged in any pleading, amended pleading, argument, complaint, amended complaint, brief, motion, report, discovery response or filing in the Action;

(ii)  any matter, cause or thing whatsoever, including, but not limited to, any action, omission or failure to act of whatever kind or character, irrespective of the state of mind of the actor performing or omitting to perform the same, arising out of or relating to the adequacy, accuracy or completeness of any disclosure or statement made in any filings, proxy statements, prospectus, reports, press releases, statements, representations, analyst reports or announcements concerning Chiron's operations, services, products, financial condition or prospects or in any filing with the Securities and Exchange Commission or any other federal or state governmental agency or regulatory board (collectively referred to as "public statements"), or in the preparation or dissemination of, or failure to disseminate, any such public statements, at any time during or concerning July 23, 2003, through and including October 5, 2004; or

(iii)  any of the facts, circumstances, representations, statements, reports, disclosures, transactions, events, occurrences, acts or omissions of whatever kind or character,

| | |
|---|---|
| ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON FUND FEE AND EXPENSE AWARD<br>CASE NO.:C-04-4293-VRW | -4 - |

regardless of the state of mind of the actor performing or omitting to perform the same, encompassed by subparagraph (a) and (b), above, that have been or that could have been alleged, or made the subject of any claim or action in state court or otherwise under the law of any state, common law or in equity, in any pleading, amended pleading, demand, complaint, amended complaint, motion, discovery response or filing.

(the "Released Claims") against any and all of the Defendants, Novartis AG, Novartis Corporation, Novartis Biotech Partnership, Inc., and their past, present and future parent entities, affiliates, subsidiaries, predecessors, successors and assigns, and each of their past, present and future officers, directors, attorneys, auditors, accountants, advisors, consultants, insurers, employees, associates, stockholders, controlling persons, representatives, underwriters and other agents, including their agents, assigns, spouses, heirs, executors, trustees, general and limited partners and partnerships, personal representatives, estates and administrators (the "Released Parties").

"Unknown Claims" means any Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, upon the Effective Date, Lead Plaintiff shall expressly and each of the other Settlement Class Members shall be deemed to have, and by operation of this [Order and the Judgment] shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff shall expressly and each of the other Settlement Class Members shall be deemed to have, and by operation of this [Order and the Judgment] shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable and equivalent to California Civil Code

ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON FUND FEE AND EXPENSE AWARD
CASE NO.:C-04-4293-VRW

-5-

DOCS\462906v2

§1542. Lead Plaintiff and the other Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly and each other Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of this [Order and the Judgment] shall have, fully, finally, and forever settled and released any all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and the other Settlement Class Members shall be deemed by operation of this [Order and the Judgment] to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

8.      The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and the Judgment.

9.      Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against Lead Plaintiff, any or all of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, assertion, defense, resolution or settlement of the Action (except for claims to enforce the Settlement) (the "Released Defendants' Claims"). The Released Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and the Judgment.

ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON FUND FEE AND EXPENSE AWARD
CASE NO.:C-04-4293-VRW

-6 -

DOCS\462906v2

10. Neither this Order, the Judgment, nor the Stipulation or any of their terms and provisions or any documents executed or any proceedings taken pursuant to it, shall be:

(a) offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b) offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to this Order and the Judgment, the Stipulation or any of its terms and provisions or any documents executed or any proceedings taken pursuant to it to effectuate the liability protection granted them hereunder, including in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar reduction, or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim;

(d) construed against Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without

ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON FUND FEE AND EXPENSE AWARD
CASE NO.:C-04-4293-VRW

-7 -

DOCS\462906v2

1   merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable

2   under the Complaint would not have exceeded the Gross Settlement Fund.

3         11.    The Court finds that all parties and their counsel have complied with each

4   requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

5         12.    The proposed Plan of Allocation is approved.  Lead Plaintiff and the Claims

6   Administrator are authorized and directed to utilize the Plan as the basis for calculating the Proofs of

7   Claim and Releases submitted by Settlement Class Members in connection with the Settlement.

8         13.    The award of attorneys' fees and expenses provided in the Order filed January 6,

9   2009 (Docket #195) is an award from a common fund recovered for the Class, it shall be paid to

10   Lead Plaintiff's Counsel from the gross settlement fund (it is not separately payable by the

11   Defendants) and is payable with interest at the same rate, net of taxes, that the payment amount

12   earns.  The award of attorneys' fees shall be allocated among Plaintiff's Counsel in a fashion which,

13   in the opinion of Lead Plaintiff's Counsel, fairly compensates Plaintiff's Counsel for their respective

14   contributions in the prosecution of the Action.

15         14.    In the event this Order does not become Final (including, by way of example and not

16   limitation, is vacated, modified or reversed on appeal), it shall be rendered null and void and shall be

17   vacated and, in such event, (i) all orders entered and releases delivered in connection therewith shall

18   be null and void and inadmissible in any proceeding in any tribunal, and (ii) the Settlement Class

19   shall be automatically decertified without prejudice to Lead Plaintiff's right to seek, or Defendants'

20   right to oppose, class certification in the future, and (iii) each party shall be restored to his, her or its

21   respective position as it existed prior to June 6, 2006.

23   Dated: _____March 11_____, 2009

                           _____

24                          HONORABLE VAUGHN R. WALKER
                                UNITED STATES DISTRICT JUDGE

28

ORDER APPROVING CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND COMMON
FUND FEE AND EXPENSE AWARD
CASE NO.:C-04-4293-VRW                -8 -

DOCS\462906v2